W. R. STRINGFELLOW, ADM'R, v. M. A. MONTGOMERY ET AL.

(Case No. 3349.)

1. WITNESS — PARTIES — COMPETENCY OF.— An administrator is not a competent witness to establish the contract on which he sues by testifying to conversations between the deceased and the defendants.
2. EVIDENCE — HEARSAY.— When the suit is against the defendants as joint contractors, evidence of admissions by one of the two that he had, as agent for the other, made the contract sued on, is mere hearsay, and no evidence to charge either of the defendants. There being no evidence of the contract sued on, the exclusion of evidence on other points will not be revised.
3. CHARGE OF COURT.— It is not error to instruct the jury to find for defendants, if, under the evidence, the plaintiff is not entitled to recover.

APPEAL from Caldwell. Tried below before the Hon. John P. White.

Suit brought by the appellant against the appellees, on an alleged contract between W. R. Cowan, deceased, plaintiff's intestate, and who was an attorney at law, and said appellees, entered into in 1869, whereby the defendants engaged said Cowan to procure the name of defendant Mary Ann Montgomery to be placed upon the roll of pensioners as the widow of a captain in the United States army, for which services the defendants agreed to pay him $500, to become due when the pension should be received.

Plaintiff alleged that in the prosecution of the business, and in the taking of the testimony, and the employment of assistant counsel, said Cowan, at the instance and request of the defendants, expended $700, which they agreed and promised to repay. That by reason of said services and attention, the defendants were enabled to procure the name of the said Mary Ann Montgomery to be placed upon the pension roll as a captain's widow; that before the receipt of any money upon her said claim, the said Mary Ann and F. M. Montgomery, on the 20th day of April, 1874, discharged the said W. R.

Cowan, who was still able and willing to prosecute said business to a final termination, and procured the counsel and services of other attorneys. By reason of all of which, plaintiff says that the said Mary Ann and F. M. Montgomery became indebted to and liable to pay said W. R. Cowan the sum of $1,200, with legal interest from said 20th day of April, 1874. Plaintiff prayed for judgment for said sum.

The defendants filed their answer, setting up various defenses, and among others, pleaded a general denial. Cause was submitted to a jury, and upon the trial the plaintiff offered certain evidence in support of his action, to which the defendants objected; which objections were sustained and the evidence excluded, to which rulings the plaintiff excepted, all of which appears in the bill of exceptions, paragraphs one, two and three.

Upon the evidence which was allowed to go before the jury, the court instructed the jury to find their verdict for the defendants, which they accordingly did, and judgment was rendered against the plaintiff.

Plaintiff filed a motion for a new trial, which was overruled; plaintiff appealed, and assigned as error that the court erred in excluding the evidence offered by the plaintiff, and in overruling the motion for a new trial.

*Stringfellow & McNeal*, for appellant.

*Nix & Storey*, for appellee.

WALKER, P. J. COM. APP.— Whether the court erred or not in the exclusion of the evidence offered by the plaintiff, is the decisive question on this appeal. There are three distinct items of evidence which were thus offered, and, on objections by the defendant, excluded by the court, as follows, to wit:

1st. The plaintiff offered to testify to conversations between his intestate, Cowan, and the defendants, in which he had heard the terms of the original contract between the parties stated, and to establish thereby the terms thereof. The bill of exception does not show the grounds of objection, nor upon what reason the court sustained the objection.

2d. The plaintiff also offered to prove that, during Cowan's lifetime, witness " wrote numbers of letters about the business between the parties, and in one of said letters enclosed for Cowan $150 to attorneys in Washington city, to be used and expended by them in

furtherance of said business;" which was alike excluded on objection of defendant, but no grounds therefor assigned in the bill of exceptions.

3d. The plaintiff offered also to prove that in his relation of "amanuensis to the intestate, by writing letters for and in his business transactions for the intestate, he knew of his having paid out and expended moneys in furtherance of his contract with defendants." No grounds of objection are stated to this evidence.

The rejected evidence first above specified was properly excluded as incompetent testimony. The act of May 19, 1871 (Pasch. Dig., arts. 6826, 6827), provides "that in the courts of this state there shall be no exclusion of any witness on account of color, nor in civil actions because he is a party to or interested in the issue tried." "In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, unless called to testify thereto by the opposite party, or required to testify thereto by the court."

It would be in direct contravention of the spirit of the prohibitory clause of this act to permit the administrator, plaintiff in the suit, to establish the contract upon which he relies by testifying to a conversation had between the intestate and the defendants, in which the terms of the contract relied upon had been by them stated. The offer to establish, in effect, said contract through the conversations referred to, implies that the intestate participated in them, and that he either made statements as to the facts which constituted the contract in the presence of the defendants, to which they assented, or else that the defendants made such statements in the presence of the deceased, to which he assented. In any case, such testimony is virtually an offer to establish the plaintiff's case by proof of the statements of the deceased.

There was no evidence whatever introduced by the plaintiff to establish the existence of any specific contract, or the terms thereof, between Cowan and the defendants. The only evidence as to such contract consists of the admission of the defendant, Mrs. M. A. Montgomery, that she had authorized her co-defendant to make a contract with Cowan for her and himself, to secure a pension as a widow of a captain in the United States army, and that she did not know what contract he had made with Cowan.

The plaintiff testified to the statement made by the co-defendant, F. A. Montgomery, to him, to the effect that he had employed Cowan to get her a pension, for which Cowan was to get $500 out

of said pension, when collected, for his services. This was hearsay evidence, and an admission which did not affect or bind Mrs. M. A. Montgomery on the one hand, nor did it admit any participation, or personal liability on his part, by F. M. Montgomery, in the contract described by him.

Mere hearsay is not only not the best, but not even secondary evidence; it is no evidence. Belverman v. The State, 16 Tex., 120; Harris v. The State, 1 Tex. Ct. App., 75.

It was competent for the plaintiff to have adduced the testimony of F. M. Montgomery to establish the contract; failing to do so, the plaintiff's repetition of said witness' statements is but hearsay evidence as to M. A. Montgomery.

There being, then, no evidence as to what was the contract between the parties, whether there was error or not in the exclusion of the other testimony specified in the bill of exceptions is immaterial; such error, if any there was, would be merely abstract, and could not injuriously have affected the plaintiff.

"Where, upon the whole case, the verdict could not have been different under the law and the evidence, errors in admission or exclusion of evidence, or the giving or refusing instructions, will not necessarily work a reversal." 18 Tex., 829; 28 Tex., 639; 26 Tex., 451; 15 Tex., 435.

It is assigned as error that the court erred in directing the jury to find a verdict for the defendant. Where, under the evidence, the plaintiff is not entitled to recover, the court may instruct the jury to find for the defendant. Lea v. Hernandez, 10 Tex., 137.

We are of opinion that there is no error in this record for which the judgment ought to be reversed, and we conclude, therefore, that it ought to be affirmed.

AFFIRMED.

[Opinion delivered June 18, 1882.]