## WILLIAM FLEMING *vs.* CITY OF SPRINGFIELD.

Hampden.    September 23, 1891. — October 26, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Exceptions — Waiver — Defect in Highway — Implied Notice — Reasonable.*
*Diligence.*

A question not raised in the court below is not open on a bill of exceptions; and
if raised and not argued, the excepting party will be deemed to have waived it.

A statement by the plaintiff, in an action for personal injuries, to his physician as
to his symptoms at the time, if made for the purpose of medical treatment and
advice, is admissible in his favor, although the interview was only a day or
two before, or possibly during the trial.

In an action for personal injuries caused by a defect in a highway which the de-
fendant city was bound to keep in repair, it appeared in evidence that the acci-
dent was caused by a washout due to the escape of water from a sewer-pipe
laid in the way five years before; that this pipe, from its composition and the
nature of the soil, was likely to last from three to ten years only, as the defend-
ant's superintendent of streets was informed at the time; that within four or
five months of the accident a depression in the surface of the way about fifty
feet distant was filled by the defendant without further examination, and within
a fortnight a washout had occurred about twenty feet distant, and the city dug
down there and replaced all the pipe which appeared to be defective, and ex-
amined the projecting ends of what was left and found them all right, but made
no further examination; and that upon taking up the pipe after the accident
it was found to be in bad condition and full of holes. *Held,* that it was a ques-
tion for the jury whether the defendant did or did not exercise reasonable care
and diligence in preventing the defect which caused the accident to the plain-
tiff; and that the case was properly submitted to them.

TORT, for personal injuries occasioned by an alleged defect in
Liberty Street, a highway which the defendant city was bound
to keep in repair.

Trial in the Superior Court, before *Mason,* C. J., who allowed
a bill of exceptions, in substance as follows.

The plaintiff's evidence tended to show that on September 13,
1890, as he was driving along Liberty Street after a heavy rain,
suddenly the horses attached to his vehicle broke through the sur-
face of the road-bed, and the plaintiff was thrown to the ground,
and was injured in his arm and shoulder; that the breaking down
of the road-bed was caused by the escape of water through holes
in a cement sewer-pipe laid therein washing away the soil and
leaving a hole beneath the surface, which after the accident and

the caving in of the surface was seven feet long and four feet wide, and extended down to the pipe; and that the sewer was laid in 1885 by the defendant's superintendent of streets.

One Driscoll, a manufacturer of cement pipe, testified for the plaintiff that he witnessed the laying of the pipe by the superintendent of streets; that the cement of which the pipe was made was a very cheap grade of cement, and good for nothing; that it would not stand any test, and was not fit for pipe; that the soil of the street at that point was of a clayey nature, the effect of which was commonly to eat up cement pipe; that the life of cement pipe in soil of that kind was from three or four to nine or ten years; and that he told the superintendent that he was making a mistake, and that he did not think the pipe was right or would stand it.

There was also evidence that, four or five months before the accident, at a point in the street about fifty feet distant easterly from the place of the accident, a depression came in the soil over the pipe, and the city filled it up without making any examination beneath the surface; that about two weeks before the accident, at a point about twenty feet easterly from the place of the accident, there was a break in the way which resulted from defective pipe in the sewer; that the defendant dug down to the sewer then, took out all the pipe which at that point appeared to be defective, examined the projecting ends of the pipe that was left, and, finding them all right, put in new pipe to replace the defective pieces, and filled up the trench properly; and that after the accident the city dug up the sewer at all these places, including the place of the accident, and the pipe was found to be in bad condition and full of holes.

Doctor Rice, a physician, who treated the plaintiff for his injury, was called as a witness by the plaintiff, and, after being asked when he saw the plaintiff last and stating that he " saw him day before yesterday the last time," in reply to the further question whether the plaintiff then " made any complaint of present symptoms," was permitted to answer, against the defendant's objection: " I asked him how his arm was, as I had not seen him for some time; ' Why,' said he, ' I don't notice any particular difference, I cannot get it up,' or something to that effect."

The defendant sought to raise a question by its bill of exceptions as to the sufficiency of a notice seasonably given by the plaintiff to it concerning the cause of his injury, but the bill stated that at the trial the attention of the court was not called to the notice otherwise than by the general request for a ruling made by the defendant at the close of the plaintiff's evidence.

At the close of the plaintiff's case, the defendant requested the judge to rule that the plaintiff on the evidence could not recover ; but the judge declined so to rule, and submitted the case to the jury under full instructions as to the obligations of the defendant, to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. L. Long*, for the defendant.

*J. B. Carroll*, for the plaintiff.

MORTON, J. 1. If the exceptions raise any question regarding the notice, none was brought to the attention of the court at the trial, and the defendant has not argued any such question to us. It would have been too late to raise it here, and the defendant must be deemed to have waived it if there was one. *Talbot* v. *Taunton*, 140 Mass. 552.

2. The testimony of Dr. Rice was properly admitted. The statement made by the plaintiff purported to be a description of his symptoms at the time it was made, and not a narration of something that was past ; and it may be fairly inferred that it was made for the purpose of medical advice and treatment. At any rate, although it was only a day or two before, or possibly during the trial, it does not appear that such is not the case. *Barber* v. *Merriam*, 11 Allen, 322.

3. We also think the case was properly submitted to the jury on the question of the defendant's liability. The injury was caused by a defect in a way which the defendant was bound to keep in repair. The question was whether the defendant did or did not fail to use reasonable care and diligence in preventing the defect. The accident occurred in consequence of the washing out of the earth under the surface of the road-bed, and that was due to the escape of water through a defective sewer-pipe. There was evidence that the pipe which was put in was "a very cheap grade of cement, and good for nothing," and that the effect of

such soil as that in which it was laid was to eat it up in from three or four to nine or ten years, that it was put down in 1885, and that the defendant's superintendent of streets was told at the time by a witness that he did not think the pipe was right or would stand it.

There was also testimony tending to show that, about four or five months before the accident, a depression came in the street over the pipe, about fifty feet easterly of the place of the accident, which was filled up by the defendant without making any examination ; and that on another occasion, about a fortnight before the accident, a break came in the way at a point about twenty feet east of the place of the accident, and that the city dug down there, and took up and replaced all the pipe which appeared to be defective, and examined the projecting ends of the pipe that was left, and found them all right; but it does not appear that it made any further examination.  There was also testimony tending to show that the pipe was dug up after the accident at the place of the accident, as well as at the place where the depression and break had occurred, and found to be in bad condition and full of holes.

It was for the jury to say, upon this evidence, whether the defendant had exercised reasonable care and diligence in keeping the way in repair.  The knowledge of the superintendent of streets was its knowledge, and it was for the jury to decide whether, in view of that fact and of the depression and break which had occurred in the way so short a time before, and so near to the place of the accident, the defendant had not reason to apprehend the danger and to guard against it.  The jury, under instructions as to the obligations of the defendant to which no exception was taken, have decided the question adversely to the defendant, and we think there was evidence to warrant their finding.  *Post* v. *Boston,* 141 Mass. 189.

*Exceptions overruled.*