# NORTHERN PACIFIC RAILROAD COMPANY *v.* URLIN.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.**

No. 272. Submitted April 5, 1895. — Decided May 20, 1895.

While it cannot be safely said that, in no case can a court of errors take notice of an exception to the conduct of the trial court in permitting leading questions, such conduct must appear to be a plain case of the abuse of discretion.

There was no error in permitting medical witnesses testifying in behalf of the plaintiff to be asked whether the examinations made by them were made in a superficial or in a careful and thorough manner.

It is competent for a medical man called as an expert to characterize the manner of the physical examinations made by him.

When a party is represented by counsel at the taking of a deposition, and takes part in the examination, that must be regarded as a waiver of irregularities in taking it.

When a deposition is received without objection or exception, objections to it are waived.

In an action against a railroad company to recover for personal injuries, the declarations of the party are competent evidence when confined to such complaints, expressions, and exclamations as furnish evidence of a present existing pain or malady, to prove his condition, ills, pains, and

symptoms, and if made to a medical attendant are of more weight than if made to another person.

There is no error in not permitting the defendant to cross-examine the plaintiff on a subject on which he had not been examined in chief.

When the court has fully instructed the jury on a subject, a request to further charge in the same line and in the same manner may be refused as calculated to confuse the jury.

When the verdict in this case was rendered, the jury was polled at the request of the defendant and each answered that the verdict as read was his. No objection was made by defendant or request that the verdict should be signed, and judgment was entered in accordance with the verdict. *Held*, that this was a waiver by the defendant of the irregularity in the foreman's not signing the verdict as required by the local law of Montana.

THIS was an action brought by Alfred J. Urlin, in the Circuit Court of the United States for the District of Montana, against the Northern Pacific Railroad Company, to recover for personal injuries received by him when travelling as a passenger in one of its trains.

The car in which the plaintiff was riding became derailed, and was thrown down a bank and overturned. The complaint charged that the accident was due to "the defective, decayed, and rotten condition of the cross-ties" in the road, and that the plaintiff received "severe and dangerous wounds and internal injuries."

The case proceeded to trial before the court and a jury, and resulted in a verdict for the plaintiff in the sum of $7500, and the jury also returned certain special findings which had been submitted to them at the request of the defendant. Judgment was entered upon said verdict and special findings. During the trial several exceptions were taken by the defendant, which were allowed and signed by the judge, and which are brought for review to this court by a writ of error.

*Mr. A. H. Garland, Mr. W. E. Cullen,* and *Mr. J. K. Toole* for plaintiff in error.

*Mr. Frank H. Woody* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

The first assignment avers error in permitting the medical witnesses, who testified in behalf of the plaintiff, to be asked whether the examinations made by them "were made in a superficial or in a careful and thorough manner."

It is urged that this question was objectionable, both as leading and as taking from the jury the determination of the inquiry whether the medical examination was thorough or otherwise.

It cannot be safely said that, in no case, can a court of errors take notice of an exception to the conduct of the trial court in permitting leading questions. But such conduct must appear to be a plain case of the abuse of discretion.

"We are not aware of any case in which a new trial has ever been granted for the reason that leading questions, though objected to, have been allowed to be put to a witness." *Green* v. *Gould*, 3 Allen, 466.

"The allowance of a leading question is within the discretion of the court, and is no ground for reversal." *Farmers' Co.* v. *Groff*, 87 Penn. St. 124.

"Circuit Courts must be allowed the exercise of a large discretion on the subject of leading questions." *Parmelee* v. *Austin*, 20 Illinois, 35.

The second ground, that this question called for the opinion of the witnesses as to the manner in which the physical examinations were made, and thus supplanted the judgment of the jury in that particular, does not seem to us to be well founded. The obvious purpose of the question was to disclose whether the judgment of the physicians as to the plaintiff's condition was based on a superficial or on a thorough examination, and we think it was competent for the witnesses, who were experts, to characterize the manner of the examination.

The refusal of the court to suppress the deposition of Dr. W. P. Mills because it did not disclose that the witness was cautioned and sworn before testifying, as required by the statute, is assigned for error. But it appears that the defendant company was represented by counsel and took part in the examination, and this must be regarded as a waiver of any

irregularity in the taking of the deposition. *Mechanics' Bank* v. *Seton*, 1 Pet. 299, 307; *Shutte* v. *Thompson*, 15 Wall. 151, 159. Moreover, although a motion was made to suppress the deposition before the trial, yet when it was offered at the trial no objection was made or exception taken, and thus the objection was waived. *Ray* v. *Smith*, 17 Wall. 411, 417.

The third assignment is strenuously pressed on our attention in the brief of the plaintiff in error. It arises out of the refusal of the court below to suppress certain portions of the depositions of Drs. Mills and DeWitt because of incompetency and as merely hearsay.

This objection is founded upon the witnesses having been permitted to testify to statements made by the defendant, at various times, to the physicians in respect to his feelings, aches, and pains, and it is contended that such statements were made too long after the occurrence of the injury to be part of the *res gestæ*, but were merely narrations of past incidents; and it is further urged that, whatever reason there may have formerly been, when a party could not himself testify to his sensations, for liberality in admitting such statements, now that he is a competent witness, such reason no longer operates.

An inspection of the depositions shows that the statements objected to were mainly utterances and exclamations of the defendant when undergoing physical examinations by the medical witnesses. As one of the principal questions in the case was whether the injuries of the defendant were of a permanent or of a temporary character, it was certainly competent to prove that, during the two years which had elapsed between the happening of the accident and the trial, there were several medical examinations into the condition of the plaintiff. Every one knows that when injuries are internal and not obvious to visual inspection, the surgeon has to largely depend on the responses and exclamations of the patient when subjected to examination.

"Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings, made at the time in question, are also original evidence. If they were the natural language of the affection, whether of

body or mind, they furnish satisfactory evidence, and often the only proof of its existence, and whether they were real or feigned is for the jury to determine. So, also, the representations by a sick person of the nature, symptoms, and effects of the malady under which he is suffering at the time are original evidence. If made to a medical attendant they are of greater weight as evidence, but if made to any other person they are not, on that account, rejected." 1 Greenl. Ev. 14th ed. sec. 102.

In *Fleming* v. *Springfield*, 154 Mass. 520, 522, where such a question arose, it was said:

"The testimony of Dr. Rice was properly admitted. The statement made by the plaintiff purported to be a description of his symptoms at the time it was made, and not a narrative of something that was past; and it may be fairly inferred that it was made for the purpose of medical advice and treatment. At any rate, although it was only a day or two before, or possibly during the trial, it does not appear that such is not the case."

The declarations of a party himself, to whomsoever made, are competent evidence, when confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present existing pain or malady, to prove his condition, ills, pains, and symptoms, whether arising from sickness, or from an injury by accident or violence. If made to a medical attendant they are of more weight than if made to another person.

In the eighth assignment complaint is made because the counsel of defendant was not permitted to cross-examine the plaintiff with reference to the details of the grocery business, in which he had been engaged, prior to the occurrence of the accident.

It is true that the plaintiff had alleged, by way of special damage, that at the time he received the injury he was engaged in the grocery business, and that his said business was yielding him a sum of one hundred dollars per month; and if the plaintiff had adduced any evidence to support such allegation of special damage, it certainly would have been com-

petent for the defence to have cross-examined him as to the particulars of such business. But the record discloses that, at the trial, the plaintiff refrained from going into evidence on the subject of the alleged special damage. All that was said was that prior to the accident the plaintiff was engaged in the lumber and grocery business, but no attempt was made to show the extent or value of such business. There was therefore no error in not permitting the defendant to cross-examine on that subject.

The twelfth assignment alleges error in the refusal of the court to give the following instruction:

"The court instructs the jury that even if you should believe from the evidence that there were rotten ties in the road or track at other points than at the particular point where the train left the track, this is not sufficient to find that the defendant was negligent in this case."

To have given this instruction would not have been erroneous, but we cannot say that its refusal was reversible error. It is obvious from other parts of the charge and instructions given that the court fully instructed the jury on the subject, and in the line of the defendant's request. Thus the following instructions were given:

"In considering this issue you are called upon to determine from the evidence, first, as to whether or not the cross-ties of the defendant's track at the point where the derailment occurred, or any number of them, were decayed and rotten. If you find that they were, then, second, you are called upon to determine whether or not the derailing of said cars constituting a portion of the train occurred on account of these rotten ties.

"If you should find that said derailment occurred on account of said rotten and decayed ties, third, then you are called upon to determine whether or not defendant carelessly or negligently allowed or permitted said cross-ties to remain in and constitute a portion of its track at said point.

"You will observe that you are to determine whether or not defendant carelessly or negligently allowed said cross-ties to remain in and constitute a portion of its track at said point,

for if it did not carelessly or negligently permit this, it is not liable, although the accident should have occurred on account of this."

Moreover, the court, at the request of the defendant, gave the following instruction:

" The court instructs the jury that if you should find from the evidence that the accident by which plaintiff suffered the injuries complained of by him resulted from the negligence of the defendant and from the decayed, defective, and rotten condition of the cross-ties in defendant's railroad at or near the point where the train was derailed, then you will find for the plaintiff, and you will assess his damages at such reasonable sum as will compensate him for the injuries and sufferings thus sustained and no more."

Having so fully and repeatedly instructed the jury on this subject, and in the manner requested by the defendant, the court may well have refused the instruction prayed for as calculated to confuse the jury.

The contention that the judgment below was invalid because the verdict of the jury was not signed by the foreman, as required by a section of the Code of Montana, is, in our opinion, without merit. The record discloses that when the verdict was rendered, at the request of the defendant, the jury was then and there polled by the clerk, and each of said jurors answered that the verdict as read was theirs. Whereupon the plaintiff moved for judgment in accordance with said verdict; the motion was granted, and judgment was ordered accordingly. No objection was made, or request that the verdict should be signed was then made by the defendant, and we think that the court below was justified in treating the irregularity, if such it were, as having been waived.

At all events, the record contains no assignment of error in this particular, and we are not called upon to consider the subject.

Our examination of the other specifications of error fails to disclose anything calling for formal consideration.

The judgment of the court below is accordingly

*Affirmed.*