# BOSTON AND ALBANY RAILROAD COMPANY
## v. O'REILLY.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 197. Submitted March 15, 1895. — Decided May 20, 1895.

Where a case has gone to a hearing, testimony been admitted to a jury under objection but without stating any reasons for the objection, and a verdict rendered, with judgment on the verdict, the losing party cannot, in the appellate court, state for the first time a reason for that objection which would make it good.

Evidence offered by the plaintiff to show the profits of his business and admitted under objections is *held* not to be such as to enable the jury to intelligently perform its duty of finding the earnings of the plaintiff after allowing for interest on capital invested, and for the energy and skill of his partners.

Other evidence, admitted under objections, *held* to be too uncertain to be made the basis for damages, and to have probably worked substantial injury to the rights of the defendant.

While an appellate court will not disturb a judgment for an immaterial error, yet it should appear beyond a doubt that the error complained of did not and could not have prejudiced the rights of the party duly objecting.

IN October, 1890, Patrick J. O'Reilly, in the Circuit Court of the United States for the District of Massachusetts, brought an action against the Boston and Albany Railroad Company for personal injuries received while riding as a passenger on one of that company's trains.

The declaration contained three counts, alleging negligence on the part of the company in respect to the condition of a certain truck attached to the tender of the engine which drew the train, in respect to the journal of the tender, and in respect to the condition of the defendant's track, rails, and roadbed. The defendant's answer consisted of a general denial. The trial resulted in a verdict for the sum of $15,000, and to the judgment entered for that amount a writ of error was sued out of this court.

*Mr. Samuel Hoar* for plaintiff in error.

*Mr. Charles W. Needham, Mr. John B. Cotton,* and *Mr. Frank L. Washburn* for defendant in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

The first three specifications of error complain of the action of the court in permitting the plaintiff O'Reilly to testify as to what he had made out of his business for several years before the accident, and to give an estimate of how much he made annually by his own individual exertion; and also, in view of the fact that he had sold the business, good will, and everything connected with the business before the accident occurred, to testify that when he so sold out he did it with the intention of continuing the business.

The first objection urged to the admission of this evidence is, that it went to show special damage caused to the plaintiff by the loss and interruption of his business, whereas there were no allegations of such special damage contained in the declaration. It does not appear, however, that objection was specifically made to the evidence on the ground that the declaration contained no allegations of the special damage sought to be shown; and it is perfectly well settled in this court that where a case has gone to a hearing, testimony been admitted to a jury under objection, but without stating any reasons for the objection, and a verdict rendered, with judgment on the verdict, the losing party cannot, in the appellate court, state, for the first time, a reason for that objection which would make it good. *Roberts* v. *Graham*, 6 Wall. 578; *Patrick* v. *Graham*, 132 U. S. 627.

Objections were made in the present case to the admission of the evidence in question, but such objections did not, in our judgment, apprise the court of the specific ground of objection now urged, and hence did not afford an opportunity of permitting an amendment of the declaration, upon such terms as the interests of justice seem to require.

If, then, this were the only ground on which we are asked to proceed in disposing of these assignments of errors, we should not feel disposed to disturb the judgment. But when we come to examine the objections that were sufficiently taken to the evidence in question, we find error so serious as to compel a reversal.

The plaintiff was permitted to make an estimate of the annual value of his labor and the jury to find a verdict, based upon the business of a steam thresher in which the plaintiff at one time had an interest, but which he had parted with before he met his injuries. Even if his interest had continued as an existing one till the time of the accident, and even if there had been an allegation of special damage in the declaration, there was no evidence sufficient to enable the jury to measure the amount of said special damage. The plaintiff testified that he had partners, who divided with him, but did not state in what proportions. The amounts alleged to have been earned in the business fluctuated widely. There was no allowance made for the cost and wear of the machinery. The duty of the jury to find the wages or earnings of the plaintiff, after allowing for the interest on the capital invested and for the energy and skill of the partners, could not, in the absence of evidence on those topics, have been intelligently performed.

It is said that the court made no ruling that the plaintiff might prove the profits of his business, and in the bill of exceptions it is so stated. Still, the fact remains that the evidence was admitted, although objected to as incompetent, because the profits of the business, as it was proposed to show them, depended upon so many outside matters, and were too remote.

It further appears that, after having been permitted to put in an estimate of what his personal earnings were from participation in the threshing business, and after it appeared that such business had been brought to a close by the sale of the machine and the good will the fall before the accident, the plaintiff was permitted, under objection, to testify that when he sold out he did it with an intention of resuming the business. To resume such a business would, of course, have required the purchase of another plant, and it is equally obvious that the fate of a new venture was merely conjectural. Such evidence is too uncertain to be made the basis of a verdict for damages, and may well be believed to have worked substantial injury to the rights of the defendant. *Richmond & Danville Railroad* v. *Elliott*, 149 U. S. 266.

The fourth, eighth, and ninth specifications allege error in

the court permitting the nurse and physician to testify that the plaintiff told them, some time after the accident, that a piece of nail had come out of his knee, and in permitting the physician to point out upon the plaintiff's knee the scar of the hole out of which the plaintiff had told him the nail had come. These matters could not fairly be regarded as part of the *res gestæ* but were mere hearsay. *Vicksburg & Meridian Railroad* v. *O'Brien,* 119 U. S. 99.

If the record disclosed no other error, the admission of this evidence might have been passed by as immaterial. Still, it is impossible to say that the defendant's case was not injuriously affected by the admission of the evidence, and, while an appellate court will not disturb a judgment for an immaterial error, yet it should appear beyond a doubt that the error complained of did not and could not have prejudiced the rights of the party duly objecting. *Deery* v. *Cray,* 5 Wall. 795, 807; *Gilmer* v. *Higley,* 110 U. S. 47.

We do not deem it necessary to notice other exceptions taken to the rulings of the court below.

*The judgment is reversed, and the cause remanded with directions to set aside the verdict, and award a new trial.*