St. Louis Southwestern Railway Company of Texas v.
C. W. Martin.

Decided May 17, 1901.

1.—Contributory Negligence—Burden of Proof—Charge.

Where plaintiff's petition alleged that his wife, while in feeble condition, undertook to get off the train at a point some little distance from the station and dangerous on account of its height from the ground, and these averments were supported by the wife's testimony, and the defendant introduced no evidence to establish negligence on the part of the wife in alighting from the train at the point she did, without waiting for assistance, or to see if she would be assisted, the issue of negligence on the wife's part was raised by plaintiff's evidence, and in such safe of case an instruction placing the burden upon defendant to establish contribuory negligence was erroneous.

2.—Charge of Court—Assuming Issue.

Where, in an action for injury to a lady passenger, the evidence raised the issue of whether or not she was injured, an instruction assuming that she was injured, was erroneous, although in another part of the charge that issue was submitted to the jury.

3.—Railway Company—Delay of Passenger in Disembarking.

If the train was stopped at the station a reasonably sufficient time for a passenger situated as was plaintiff's wife to alight therefrom, or if she delayed getting off for any reason, and such reason was unknown to defendant, then her contract relation with the railway company ceased at the expiration of such reasonable time, and it was liable only for failure to exercise ordinary care against inflicting injury on her.

4.—Evidence—Res Gestae—Rebuttal.

Declarations of plaintiff's wife as to pain suffered at the time of the accident were admissible in evidence to rebut testimony introduced by defendant to show that she did not complain of any hurt at such time.

5.—Same.

Statements to a physician as to symptoms and past suffering are admissible in evidence where made in the course of treatment, but not where the physician is merely called to make an examination for the purpose of testifying in the case.

Appeal from Smith. Tried below before Hon. J. G. Russell.

*Marsh, McIlwaine & Fitzgerald* and *E. B. Perkins,* for appellant.

*John M. Duncan* and *Butler & Lassiter,* for appellee.

GARRETT, Chief Justice.—This action was brought by the appellee to recover damages for personal injuries alleged to have been received by his wife through the negligence of the appellant while she was getting off one of its railway trains upon which she was a passenger. There was a trial by jury and verdict and judgment in favor of the appellee for $1000, from which this appeal has been taken. A former judgment in favor of the appellant was reversed by this court. 56 S. W. Rep., 1011.

Plaintiff alleged that his wife, in a feeble state of health and accompanied by three small children, was a passenger on the train going from the city of Tyler to the town of Chandler; that the employes of the

defendant negligently failed to stop the train at the station at Chandler a sufficient length of time for her to leave the same, but commenced to move it again before she could get off; that at the signal of some one that she was still on the train it was again stopped at a point some distance beyond the station, and where it stopped the distance from the steps to the ground was between three and four feet making it difficult and dangerous for one in her condition to disembark from the train.

The wife testified that the train stopped at the station, and she with her children started to get off; that when she got out on the platform of the car the train started again; that she remained on the platform until the train stopped a second time at about 100 or 150 feet from the first stop; that she did not know the distance from the steps to the ground at the place she got off, but that it seemed a long distance to her; that she had lived at that station for several years and knew the passengers usually got off on the north side of the train; that she got off on the south side; that she could not give any reason why she did not get off on the north side; that neither the conductor nor porter were at the car platform where she got off, and that she had not seen them since the train moved from the station; that she got off as soon as the train stopped, without waiting for assistance; that she heard some one halloo that there was a lady and children that wanted to get off, and the train stopped, and she supposed it was to let her off; that she was cool and collected from the time the train moved from the station until she got off. In describing the manner in which she got off the train she said she came so near falling that she sat down and thought she would slip from one step to the other, but she missed the step and fell—did not fall down on the ground but landed on her feet; and when her feet struck the ground it felt like her backbone ran together.

Defendant put no witness on the stand to establish negligence on the part of plaintiff's wife in the act of getting off the train at the place she got off without waiting for assistance. Its pleading charged negligence in her failure to get off when the train first stopped, and in getting off on the wrong side under the circumstances. The jury were instructed by the court that the burden was upon the plaintiff to establish the facts necessary for a recovery by a preponderance of the evidence, and that where the defendant relied upon contributory negligence to defeat a recovery, the burden was on it to prove the facts necessary to establish such contributory negligence by a preponderance of the evidence. The placing of the burden upon the defendant to establish contributory negligence under the pleading and the evidence in this case has been assigned as error, upon the ground both that the pleading and the evidence of the plaintiff showed prima facie contributory negligence on the part of his wife and cast on plaintiff the burden of proof to free her from negligence. In such case it is necessary for the plaintiff to plead and prove such other facts as will rebut this legal presumption. Railway v. Shieder, 88 Texas, 152; Railway v. Reed, 88 Texas, 439. The petition averred that Mrs. Martin was in a feeble condition, incumbered

by her small children, and that she undertook to get off the train at a place dangerous on account of its height from the ground. These averments were supported by the evidence of the plaintiff's wife. The defendant introduced no evidence to establish negligence on the part of the wife in getting off the train at the place she did without waiting for assistance, or to see if she would be assisted. The facts put in evidence by the plaintiff himself subjected the wife to more than a suspicion of negligence, and were sufficient to raise the issue of negligence on her part in attempting to get off the train under the circumstances. Such being the case, it was error for the court to instruct the jury that the burden was upon the defendant to establish contributory negligence. Railway v. Reed, supra. Such a charge was liable to confuse the jury and deprive the defendant of the benefit of the defense of negligence arising out of the plaintiff's evidence.

The instructions complained of under the third, fourth, and fifth assignments of error are obnoxious to the objection made that they assume that plaintiff's wife was injured. While in another portion of the charge the question of whether or not she was injured is submitted to the jury, yet the assumption made by the court was error that might have injured the defendant. We think the instruction contained in the twelfth assignment of error should have been given. It is as follows:

"Gentlemen of the jury: You are, at the instance of the defendant, charged that if you believe from the evidence that the employes of defendant stopped the train at Chandler a reasonably sufficient time for a passenger, situated as was plaintiff's wife, to debark therefrom, and if you should further believe that plaintiff's wife delayed getting off said train, in looking for her little boy, or from any other cause, and that this delay, if any, was unknown to defendant, then you are charged that her contract relation with defendant ceased at the expiration of such reasonable time, if any, and the defendant could become liable only through failure of its servants to exercise ordinary care against inflicting injury upon plaintiff's wife."

In so far as the testimony of the witnesses named in the sixteenth assignment of error was in rebuttal of testimony introduced by the defendant to show that Mrs. Martin did not complain of any hurt upon getting off the train, and was of expressions of present bodily pain and suffering, it was admissible. Railway v. Barron, 78 Texas, 421; Railway v. Bell, 58 S. W. Rep., 621; Railway v. Schafer, 54 Texas, 641; Jackson v. Railway, 55 S. W. Rep., 376; Wheeler v. Railway, 91 Texas, 358; Railway v. Gill, 55 S. W. Rep., 386.

An examination of the bills of exceptions shows that a portion of the testimony complained of was improperly received. The statement to Mrs. Arnold that she would take spells of hurting was not admissible. What she told Mrs. Finley about how she was getting along was not proper testimony as to expressions of pain, but may have been so near the time of the alleged injury as to have been admissible in rebuttal of

defendant's testimony that she made no complaint. The same may be said of a part of the testimony of H. G. Finley. The testimony of the plaintiff seems to have been admissible as showing that his wife was complaining of pain that she was feeling at the time of the expressions testified about. The declarations of a person suffering pain are admitted upon the principle of admitting evidence of res gestae, and the limitations upon the admission of such testimony clearly appear from the authorities above cited. Such statements must be expressions or complaints made at the time, and the natural and instinctive manifestation of pain and suffering. But the same principle does not apply to statements made to an attending physician, because he testifies as an expert, and his opinion must be based upon data furnished him. A learned discussion of this question, as well as of the admission of statements as to bodily pain, will be found in Williams v. Railway, 70 Northwestern Reporter, 860, decided by the Supreme Court of Minnesota, in which it was held that mere descriptive statements of pain or other subjective symptoms of malady made to an attendant physician and upon which he bases his opinion as an expert are admissible. In Railway v. Rose, 19 Texas Civil Appeals, 475, the opinion of a physician based upon a history of the injury and a description of his symptoms from the time of the accident up to the time of the examination, related to him by the plaintiff, was held proper evidence. A writ of error was refused in this case. But it does not appear that what the plaintiff told the witness was repeated by him to the jury, or under what circumstances Dr. Rosser made the examination. It was held by the Court of Civil Appeals for the Fourth District in Railway v. Wheeler, 41 Southwestern Reporter, 517, that when the witness has been employed by the plaintiff to make the examination for the purpose of testifying in the case, such statements are inadmissible. On writ of error to the Supreme Court that court declined to consider the question. 91 Texas, 358. Statements made to a physician as to symptoms and past suffering are no more admissible as evidence in favor of the injured party than if they had been made to some other person. They are only admissible for his information in order to enable him to form an opinion. If they are made to him in the course of treatment, they come within the exception. But when the physician had been employed by the plaintiff to make the examination for the purpose of testifying in the case, such statements should not be admitted. At the trial below Dr. Bell was permitted to testify over the objection of the defendant, after it had been shown that he made the examination for the purpose of testifying in the case, that the plaintiff's wife complained that the condition of her back was the same that it was a year ago; that she told him that the pain was located as she thought right where it was when he saw her before, and that the character of pain was sharp, the same as before, etc. These statements of Mrs. Martin, in so far as they related to past suffering, were inadmissible as self-serving and hearsay, having been made for the purpose of

enabling Dr. Bell to testify upon the trial of the case, and should have been excluded. No other error appears in the record. For the errors above pointed out the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*