## HARTFORD ACCIDENT & INDEMNITY CO. v. BAUGH.*
### No. 8162.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1936.

Rehearing Denied Jan. 25, 1937.

*Writ of certiorari denied 57 S. Ct. 670, 81 L. Ed. —.

HOLMES, Circuit Judge, dissenting.

———◆———

Paul T. McMahon and Joseph J. Eckford, both of Dallas, Tex., for appellant.

E. B. Hendricks and H. T. Cooper, both of Fort Worth, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Appellee, as plaintiff below, sued under the Texas Workmen's Compensation Act (Vernon's Ann.Civ.St.Tex. art. 8306 et seq.) to recover for alleged total and permanent disability resulting from an industrial injury.

On December 15, 1934, Baugh was shoveling dirt out of a ditch about three feet wide at the bottom and seven feet deep, when the side of the ditch caved in while Baugh was leaning over in a stooped position, covering him up to the waist, or a little above, with rough gravel and wet dirt. When the dirt struck Baugh, he noticed a shortness of breath, a severe pain in his left hip and lower back, and slight pain in his chest. He received temporary treatment and went to bed where he remained for some time. He has since been up and around, but unable to work. Before this occurrence, Baugh had been in apparent good health, and had carried on his work as a laborer without difficulty.

Baugh's family physician, who has continuously treated him since shortly after the injury, testified he had examined Baugh on December 27, 1934, and found his temperature 100.5, two degrees above normal, that he continued to run temperature, but that after about ten days it subsided to about 99.5; that Baugh continued to lose weight, grew weak, commenced coughing, and had night sweats; and that in the latter part of January, 1935, the physician reached the opinion that Baugh was suffering from active pulmonary tuberculosis, a dormant condition having been activated by the shock of the injury above described.

Baugh's wife, with whom he lived, also suffered from active pulmonary tuberculosis. The evidence is in conflict as to whether Baugh's illness was Malta fever, or tuberculosis, and, if the latter, whether it was a case of gradual onslaught of the disease in its usual course, or whether, as Baugh contends, it is a case of dormant tuberculosis, probably contracted from his wife, activated by the shock of his injury. The testimony of Baugh's family physician, which was evidently believed in this respect by the jury, sufficiently supports the latter theory to make it a jury question.

Over the objection of the defendant below that it was hearsay, Baugh's physician testified: "In the latter part of January he (Baugh) spit up a little blood. He came to the office and told me that his sputum was stained with blood. I thought that sputum came from his lungs."

This was not an objectionable narration of a past event, as in Boston & Albany Ry. Co. v. O'Reily, 158 U.S. 334, 15 S.Ct. 830, 39 L.Ed. 1006, nor of a past condition, symptom or history; nor is it a self-serving declaration of the character condemned in U. S. v. Balance, 61 App.D.C. 226, 59 F. (2d) 1040. It was a statement of a presently existing symptom or condition, made to a physician who was then attending him for purposes of medical advice and treatment, and not merely to testify at a trial as to his condition. Cf. St. Louis, S. W. R. Co. v. Martin, 26 Tex.Civ.App. 231, 63 S.W. 1089. The statement related, not to a past, but to a present symptom, then existing. Such a statement is not hearsay. It is regarded as a verbal act, an observed fact. The representations of a sick person, to a physician attending him for purposes of treatment or advice, as to the natural symptoms or effects of the malady from which he is then presently suffering, are admissible as original evidence for the same rea-

sons that expressions of present pain and suffering are admitted. Such statements, however, must relate to the present, not to the past, and anything in the nature of a narration of past events must be excluded. Greenleaf Evid. (14th Ed.) § 102, as quoted with approval in Travelers' Ins. Co. v. Mosley, 8 Wall. 397, 19 L.Ed. 437, and Northern Pacific R. Co. v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977. See, also, Cleveland, C. C. & I. R. Co. v. Newell, 104 Ind. 264, 3 N.E. 836, 54 Am.Rep. 312; Davidson v. Cornell, 132 N.Y. 228, 30 N. E. 573; Fleming v. Springfield, 154 Mass. 520, 28 N.E. 910, 26 Am.St.Rep. 268, and Notes 14 Ann.Cas. 449, 15 Ann.Cas. 799, 24 L.R.A.(N.S.) 263. Cf. Travelers' Protective Ass'n v. West (C.C.A.) 102 F. 226. The statement in question was admissible under the rule above stated.

The same doctor testified: "I have examined and treated Mr. Baugh frequently since December 15, 1934, and I do not think he has been able to work at any time since then. I think he is permanently and totally disabled for work." This was objected to as a conclusion, and inadmissible under the doctrine of U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617, and Hamilton v. U. S. (C.C.A.) 73 F.(2d) 357. The Spaulding and Hamilton Cases were war risk insurance cases in which the sole issue was whether or not the insured was totally and permanently disabled. It was held that the physician should not have been allowed to express his opinion "on the whole case," or "upon the exact ultimate issue before the jury." But it was not held that the admission of such evidence was necessarily reversible error. The decision was that there was insufficient evidence to support a verdict for the plaintiff in those cases, the physician's opinion as to total and permanent disability being regarded as without probative force. Here the issue is whether or not the plaintiff has suffered an industrial injury. The extent of his disability affects only the quantum of his recovery. While the physician's categorical opinion as to total and permanent disability might well have been excluded, we do not regard its admission as reversible error in the circumstances here presented. It is clear that the jury was not actuated by this physician's testimony in this respect, as it awarded plaintiff compensation for only 201 weeks, whereas a maximum of 401 weeks is allowed under the Texas statute for total and permanent disability.

Error is also assigned upon several statements made by counsel for plaintiff in argument to the jury. Some of these statements might well be characterized as intemperate, and no doubt the trial court would have taken appropriate action had timely objection been made. But the statements were not objected to until after verdict, so there is no basis for reviewing them as they are not so clearly prejudicial as to constitute fundamental error. Crumpton v. U. S., 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Cudahy Packing Co. v. Skoumal (C. A.) 125 F. 470; Chandler v. Thompson (C.C.) 30 F. 38; 3 C.J. 862. Cf. Boyett v. U. S. (C.C.A.) 48 F.(2d) 482. Even if, as urged by appellant, a contrary practice prevails in the state courts of Texas, it would make no difference, this being a question of appellate practice. St. Clair v. U. S., 154 U.S. 134, 14 S.Ct. 1002, 38 L. Ed. 936.

Affirmed.

HOLMES, Circuit Judge (dissenting).

Appellee claims to have been injured on December 15, 1934, in Oklahoma, while working for the Community Natural Gas Company. He was removing dirt from under a pipe in a ditch, when the sides of the ditch caved in, covering him with wet, cloddy dirt and gravel and pinning him in a stooped position. The theory on which he was allowed to recover was that the shock and injury activated a dormant tubercular condition, resulting in disability. Prior to such injury, the evidence is sufficient to show that he was in good health and fully able to perform his work.

I think the trial court erred in the admission of material evidence which was incompetent and prejudicial. Dr. Huffman, over appellant's objection, was permitted to testify that in the latter part of January, following the injury, the appellee "spit a little blood," and that the doctor thought the bloodstained sputum came from the patient's lungs. The doctor neither saw the appellee spit blood nor saw the bloodstained sputum, but based his testimony solely on what the latter said when he came to the doctor's office in the latter part of January, 1935. Although a witness in his own behalf, appellee did not testify to this fact, nor did any one else. There is no other reference to the subject in the record, except it was assumed as a fact in a hypothetical question to an expert witness by counsel for appellant. Having been admitted as competent evidence by the court, ap-

pellant's attorney necessarily included it as a hypothesis in order to qualify the question he was propounding. By so doing, he did not waive his previous exception to the incompetency of the testimony.

If appellee's statement be true, it does not appear when or where he spit blood or who was present. The statement was made more than a month after the accident, was no part of the res gestae, and not an exclamation of present pain or suffering. Self-serving in character, it was the relation of a past event which occurred at an unknown time and place. I regard it as hearsay, and incompetent as part of appellee's evidence in chief to prove the substantive fact that he actually "spit a little blood" during the latter part of January, 1935. Upon the facts of the case, the admission of this testimony is deemed reversible error. Vicksburg & Meridian Railroad Co. v. O'Brien, 119 U.S. 99, 7 S.Ct. 118, 30 L.Ed. 299; Boston & Albany Railroad Co. v. O'Reilly, 158 U.S. 334, 15 S.Ct. 830, 39 L. Ed. 1006; Halleck v. Hartford Accident & Indemnity Co. (C.C.A.) 75 F.(2d) 800; Travelers' Protective Ass'n v. West (C.C. A.) 102 F. 226, 227; United States v. Balance, 61 App.D.C. 226, 59 F.(2d) 1040; National Masonic Acc. Ass'n v. Shryock (C.C.A.) 73 F. 774; Davidson v. Cornell, 132 N.Y. 228, 30 N.E. 573; Stringfellow v. Montgomery, 57 Tex. 349. Also, see note 14 Ann.Cas. 449.