## MEANEY v. UNITED STATES.
### No. 30.

Circuit Court of Appeals, Second Circuit.
June 10, 1940.

Edmund Clynes, of Rochester, N. Y., for appellant.

Thomas E. Walsh, of Washington, D. C., for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

## L. HAND, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury, dismissing a petition in an action to recover upon a policy of war risk insurance. The insured was mustered out on December 31, 1918, and the policy lapsed on January 30, 1919; he died of pulmonary tuberculosis on July 6, 1922, and the question was whether he was permanently and totally disabled when the policy lapsed. He had consulted one physician at some time, not definitely fixed, in 1919, and another in December, 1920, who found that he had contracted tuberculosis, and that it was already "moderately advanced". By April of 1921 the disease had so far developed that he had to go to a sanatorium, where he stayed till January, 1922, only six months before his death. The only error we need consider was a ruling, made during the examination of the physician who had first examined him in December, 1920. This witness said that he had taken care of the insured both at that time and after he came back from the sanatorium; and he was allowed to testify as to what he found on his several examinations, but the judge refused to let him say what the insured had told him of the "history of the case". It is true that the plaintiff did not make any formal offer of proof such as Rule 43(c), Rules of Civil Procedure, provides for, but, while that would have been useful, it was not an absolute condition upon availing himself of the error. Moreover, he did al-

most the equivalent when he said that the "history" excluded was the "crux of the whole case" and that if it could not be obtained from the physician, it could not be obtained at all. The first physician who had examined him was dead, and the insured's declarations as to the time of the onset of his disease and its immediate severity were quite likely to be determinative. If the testimony was competent, its exclusion probably affected "the substantial rights of the parties". Rule 61.

The insured's declarations seem to have been offered as a narrative of his past condition; so far as appears they were no part of the basis of the physician's opinion as to his condition; at least they were not offered as such. They were therefore hearsay, and moreover, they did not fall within the generally accepted exception in favor of spontaneous expressions of pain or the like. It is quite true that this exception includes narrative statements as well as mere ejaculations, and that it has been extended to a declaration of present symptoms told by a patient to a physician. Northern Pacific R. R. v. Urlin, 158 U.S. 271, 274, 15 S.Ct. 840, 39 L.Ed. 977; Boston & Albany R. Co. v. O'Reilly, 158 U.S. 334, 337, 15 S.Ct. 830, 39 L.Ed. 1006; Delaware L. & W. R. Co. v. Roalefs, 3 Cir., 70 F. 21 (semble); Chicago Railways Co. v. Kramer, 6 Cir., 234 F. 245, 251; London G. & A. Co. v. Woelfle, 8 Cir., 83 F.2d 325, 335 (semble); Hartford A. & I. Co. v. Baugh, 5 Cir., 87 F.2d 240, 241, 242; Davidson v. Cornell, 132 N.Y. 228, 237, 238, 30 N.E. 573. The utterances of a patient in the course of his examination, so far as they are spontaneous, may be merely ejaculatory—as when he emits a cry upon palpation—or they may be truly narrative; and it will often be impossible to distinguish rationally between the two; between an inarticulate cry, for example, and a statement such as: "That hurts". The warrant for the admission of both is the same; the lack of opportunity or motive for fabrication upon an unexpected occasion to which the declarant responds immediately, and without reflection. But most of what he tells will not ordinarily be of this kind at all; there may be, and there is in fact, good reason to receive it, but it is a very different reason. A man goes to his physician expecting to recount all that he feels, and often he has with some care searched his consciousness to be sure that he will leave out nothing. If his

narrative of present symptoms is to be received as evidence of the facts, as distinguished from mere support for the physician's opinion, these parts of it can only rest upon his motive to disclose the truth because his treatment will in part depend upon what he says. That justification is not necessary in the case of his spontaneous declarations, even when they are narrative; but it is necessary for those we are now considering. This, as we understand it, is the doctrine of Barber v. Merriam, 11 Allen, Mass., 322.

 The same reasoning applies with exactly the same force to a narrative of past symptoms, and so the Supreme Court of Massachusetts, declared obiter in Roosa v. Boston Loan Co., 132 Mass. 439. A patient has an equal motive to speak the truth; what he has felt in the past is as apt to be important in his treatment as what he feels at the moment. Thus, in spite of the dicta in Northern Pacific R. R. v. Urlin, supra (158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977) and Boston & Albany R. R. v. O'Reilly, supra (158 U.S. 334, 15 S.Ct. 830, 39 L.Ed. 1006) that only declarations of present symptoms are competent, several federal courts have seemed not to take the distinction between declarations of present and past symptoms, provided the patient is consulting the physician for treatment, and Professor Wigmore appears to assent. Wigmore § 1722. United States v. Tyrakowski, 7 Cir., 50 F.2d 766, 771; United States v. Nickle, 8 Cir., 60 F.2d 372, 374; United States v. Roberts, 10 Cir., 62 F.2d 594, 596; United States v. Calvey, 3 Cir., 110 F.2d 327, 330. This situation is quite different from United States v. Balance, 61 App.D.C. 226, 59 F.2d 1040 where the declarations were made by a veteran to physicians of the Veterans' Administration; and it is obviously different from declarations of facts irrelevant to the declarant's treatment, such as what was the cause of his injury. It is true that this body of authority is not impressive as such, but it appears to us that if there is to be any consistency in doctrine, either declarations of all symptoms, present or past, should be competent, or only those which fall within the exception for spontaneous utterances. Nobody would choose the second, particularly as the substance of the declarations can usually be got before the jury as parts of the basis on which the physician's opinion was formed. It is indeed always possible that a patient may not really consult his physician for treatment; the consultation may be colorable. The judge has power to prevent an abuse in such cases, and here as elsewhere, when the competency of evidence depends upon a question of fact, his conclusion is final. He must decide before admitting the declarations whether the patient was consulting the physician for treatment and for that alone. Unless he is so satisfied, he must exclude them, though it is true that if he admits them, the defendant may still argue that they are untrustworthy. They will be evidence, but in estimating their truth the jury may have to decide for themselves the very issue on which the judge himself passed before he admitted them; the competency of evidence is always independent of its weight.

We hold that the insured's "history of the case" as narrated to the physician was competent and that its exclusion was error.

Judgment reversed; new trial ordered.