**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent.**

**No. 15271.**

United States Court of Appeals
Third Circuit.

Argued Oct. 22, 1965.

Decided Nov. 8, 1965.

Phillip D. Endom, John A. Ward, III, Philadelphia, Pa., Charles F. Heidrick, J. Colbert Peurifoy, Dallas, Tex., Robert E. May, Louis Flax, May, Shannon & Morley, Washington, D. C., for Sun Oil Co., Martin A. Row, Dallas, Tex., of counsel.

Peter H. Schiff, Richard A. Solomon, Gen. Counsel, Howard E. Wahrenbrock, Sol., Robert L. Russell, Asst. Gen. Counsel, Herzel H. E. Plaine, Atty., F. P. C., Washington, D. C., for respondent.

Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.

PER CURIAM.

The Commission's Regulations under the Natural Gas Act, Section 154.91 et seq. relating to producers rates provide that independent producers subject to the Commission's jurisdiction file their contracts as rate schedules. Section 154.93 defines pricing provisions that are permissible, prohibits all other types of price changing clauses and specifies that contracts which are executed after April 2, 1962, and which contain impermissible price changing clauses shall be rejected. We are completely satisfied that those said Regulations are reasonable and apply directly to the issue before us. We affirmatively find that petitioner's present application for a certificate of convenience and necessity depends upon a contract containing impermissible price changing provisions. The record in this matter affords convincing basis to support the decision of the Commission in rejecting the application. Pan American Petroleum Corporation v. Federal Power Commission, 352

F.2d 241 (10 Cir. op. filed October 18, 1965); Superior Oil Co. v. Federal Power Commission, 322 F.2d 601 (9 Cir. 1963), cert. den. 377 U.S. 922, 84 S.Ct. 1219, 12 L.Ed.2d 215 (1964), rehearing den. 377 U.S. 960, 84 S.Ct. 1625, 12 L.Ed. 2d 504 (1964); Federal Power Commission v. Texaco, Inc., 377 U.S. 33, 84 S. Ct. 1105, 12 L.Ed.2d 112 (1964).

There is obviously no authentic Constitutional question presented by this litigation.

The order of the Federal Power Commission will be affirmed.