Texas & Pacific Railway Company v. Geo. W. McKenzie.

Decided November 1, 1902.

**1.—Charge—Defenses—Affirmative Presentment—Assumed Risk.**

The defendant is entitled to have his defenses presented to the jury in an affirmative manner, where they are not so presented in the main charge, and he requests a proper charge so presenting them. See illustration in the case of a requested charge instructing that a passenger assumed the risk in alighting from a car after it had stopped a proper time at the station and then started again.

**2.—Personal Injury—Carrier of Passengers—Cause of Injury.**

Where plaintiff alleged that a felon on his wife's thumb was caused by injury in falling from a car, resulting from a jerk of the train as she was attempting to alight therefrom, and defendant pleaded (with proof tending to that effect) that the injury arose from other causes for which it was not liable, the court should have given a requested charge instructing that the jury must find that the felon was directly traceable to, and would not have occurred but for, the fall from the car, otherwise they could not find for plaintiff.

**3.—Same—Aggravation of Injury—Improper Treatment—Ordinary Care.**

A requested charge that if the injury was a slight one, but was aggravated by failure to give it prompt attention, or by unskilled treatment, the verdict should be for the defendant, was properly refused, as the defendant, if it caused

the injury, was responsible for the proximately resulting damages, and plaintiff's responsibility for any such aggravation depended on whether he used ordinary care to have the injury properly treated.

Appeal from the District Court of Dallas County.    Tried below before Hon. Richard Morgan.

*T. J. Freeman* and *Hall & Flippin,* for appellant.

*Harry P. Lawther* and *Frank Reeves,* for appellee.

RAINEY, CHIEF JUSTICE.—The petition of George W. McKenzie, plaintiff below, asked for damages against the Texas & Pacific Railway Company, defendant below, on account of alleged injuries resulting to his wife, Anna B. McKenzie, by reason of the train giving a jerk and throwing her off the train.

Plaintiff alleged that his wife was a passenger on defendant's train going from Fort Worth to Dallas, Texas; that on the arrival of the train at the union depot at Dallas, Texas, it stopped to permit her and the other passengers thereon to alight therefrom.    After said train had stopped, and while she was leaving the coach in which she had been sitting, and was on the steps of said coach, the train moved off with a sudden jerk, throwing her with great force and violence from the steps upon said depot platform, thereby inflicting upon her painful wounds and bruises; the thumb of her left hand was badly bruised and injured, and it became greatly swollen and very sore, resulting in a running sore, necessitating the services of a physician for nearly four months.    During said time her thumb was lanced by her said physician on three different occasions, and it became necessary for said physician to remove therefrom a part of the bone; during which time she suffered great pain, mentally and physically, and was prevented from attending to her usual household duties and also from pursuing her avocation of seamstress and milliner.

Defendant's answer contained a general demurrer, a general denial, and special answer, that the train of defendant upon the occasion in question was stopped at the union depot for the passengers to alight therefrom, and remained standing for a length of time which was ample to afford the plaintiff's wife an opportunity to alight from said train in safety, and if she did not so alight from said train within said time, it was because of her own carelessness and negligence.    And defendant's servants in charge of said train, having duly announced the station, and having waited the usual time for passengers to alight therefrom, and believing that all passengers who desired to alight therefrom had gotten off the same, signaled same to move into the yards of defendant company; and if plaintiff's wife attempted to alight therefrom after such signal was given, she did it knowing that the train was moving and with full knowledge of the danger, and assumed the risk in attempting to alight from said train while in motion.

Defendant further alleged that if plaintiff's wife ever fell from the train that she was not injured by such fall, and that the same was not the cause of an injury to her thumb; but it avers that such injury to the thumb, or any part of the body claimed to have been injured, was caused by means other than such fall, and that said thumb was injured by having persons unskilled in such matters to cut, lacerate, and operate upon the same, whereby the same was bruised, wounded, and injured. The trial resulted in a verdict and judgment for the plaintiff from which this appeal is prosecuted.

The testimony was conflicting on the issues raised by the pleadings, and the assignments of error presented relate to the action of the court as to its charge and refusing to give special charges requested. The first we will notice is the refusal to give the following charge requested by appellant, viz.: "If you find from the evidence the employes of defendant, on reaching the station, announced the station; that the train stopped the usual time for passengers to alight therefrom, and that the time they did stop was ample for passengers to alight, and plaintiff's wife failed to use proper diligence in leaving the train before it started to move out of the station, and after the train was put in motion attempted to alight therefrom, while the cars were in motion, you are instructed that she assumed the risk, and if thereby she was injured she can not recover." Defendant's testimony tended to show that the train stopped long enough for Mrs. McKenzie to have alighted in safety before starting again, and was sufficient to raise the issue whether she used sufficient diligence to alight after the train stopped. The issue being raised, the appellant was entitled to have it affirmatively presented, as the court did not so present it in the main charge. If the train stopped a sufficient time under the circumstances for Mrs. McKenzie to alight by the use of reasonable diligence, and she failed to use such diligence, and after stopping for such time the employes started the train, not knowing that Mrs. McKenzie was attempting to alight therefrom, they were not guilty of negligence, and she could not recover. Railway v. Perry, 8 Texas Civ. App., 78, 27 S. W. Rep., 496.

The court also refused to give the following special charge requested by appellant, to wit: "If you find from the evidence that plaintiff's wife was afflicted with a felon on her thumb, and further find that she fell from a car or train of defendant, you must then find that the felon was directly traceable to and would not have occurred but for the fall from the car, otherwise you can not find for plaintiff. Should you conclude that from all the evidence that the thumb became sore and was caused from any other cause than the alleged fall, then you must find for the defendant." One of the defenses pleaded by the defendant was that the injury to Mrs. McKenzie's thumb arose from causes other than the fall. There was evidence tending to support such defense. The court did not present this theory, and it was therefore error in the court to refuse said special instruction.

The following special instruction was requested, the refusal of which

is assigned as error, to wit: "If you find from the evidence that an injury was received by plaintiff's wife at the time and place alleged in the petition, and further find that the injury was a slight one, and would, with proper care, have caused her but little trouble, and further find that the inflammation was intensified and the injury aggravated by failure of prompt attention thereto, or by unskilled treatment, then you will find for defendant." "A party who receives an injury resulting from the negligence of another, and who neglects to use proper means to effect a recovery, can not recover for the aggravation of his injuries accruing from such neglect." Railway v. McMannewitz, 70 Texas, 73. Whether there was neglect is a question for the jury to determine. To prevent aggravation of the injury the party injured is only required to use such care and caution as an ordinarily prudent person would use under similar circumstances. The aggravation of a wound by unskillful treatment would not, of itself, prevent the recovery of damages by reason of such aggravation, unless the injured person failed to use ordinary care to prevent such aggravation. When a personal injury flows from the negligent act of another, that other is responsible for the damages resulting, and all that the law demands of the injured party is to use ordinary care to avert further injury. Rockston v. Milwaukee, 45 Law. Rep. Ann., 691; Railway v. O'Brien, 18 Texas Civ. App., 690. The charge requested was erroneous in instructing that the jury find for the defendant if "the injury was aggravated by failure of prompt attention or unskilled treatment." If the defendant negligently caused the injury, then it was responsible for the damages that proximately resulted therefrom. Whether defendant was responsible for the aggravation, if any, caused by a failure of prompt attention or unskilled treatment, depended upon the care used by plaintiff to have the injury properly treated. Railway v. O'Brien, 18 Texas Civ. App., 690. The court's charge did not properly present this issue, but the appellant is not in an attitude to complain, the requested charge being erroneous.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*