Appellee sued to recover damages for personal injuries occasioned by the alleged negligence of appellant. The ground of negligence alleged was that plaintiff was a passenger on appellant's train and that the train was not stopped a reasonably sufficient time at Comer, the point of his destination, for him to alight with safety, and as he was attempting to alight the train started with a sudden jerk, throwing him to the ground, his hand going under the wheel of the train, thereby injuring him.
Appellant plead the general issue, contributory negligence, and several special issues which it is not necessary here to enumerate. Plaintiff recovered, and the railway company appeals.
The court charged the jury, "If you find from a preponderance of the evidence that defendant stopped its train at Comer on the night in question for a reasonably sufficient length of time for passengers to alight therefrom, and that in starting its train on said occasion the defendant exercised that degree of care that a very cautious person would exercise under similar circumstances, then the plaintiff can not recover."
The portion of the charge relating to the degree of care incumbent upon defendant in starting the train is erroneous when considered in connection with the other portion of the same paragraph relating to the length of time the train stopped. Whether the train stopped at Comer a reasonably sufficient length of time for appellee to alight in safety by the use, on his part, of reasonable diligence, was a controverted issue under the evidence. The rule is, when a train reaches a station, the duty is imposed upon the carrier to announce its arrival and give the passengers a reasonable opportunity to alight from the cars. It is the duty of the passengers desiring to alight therefrom to use reasonable diligence *Page 605 
under the circumstances to do so. When a train is stopped and does afford a reasonable opportunity for passengers to alight, then the employes of the carrier have the right to presume that all passengers desiring to do so have left the cars, and the duty of the carrier to those who have reached their destination and failed to alight is the use of ordinary care not to injure them. Hutch. on Carriers, sec. 613; Railway Co. v. Martin, 26 Texas Civ. App. 231[26 Tex. Civ. App. 231], 63 S.W. Rep., 1089; Railway Co. v. McCullough, 33 S.W. Rep., 285; Railway Co. v. Perry, 8 Texas Civ. App. 78[8 Tex. Civ. App. 78]; Railway Co. v. McKenzie, 30 Texas Civ. App. 293[30 Tex. Civ. App. 293], 70 S.W. Rep., 237.
The degree of care imposed upon the railway company by said charge was too onerous, if the train stopped at Comer a sufficient time for appellee, by the use of reasonable diligence, to have alighted therefrom. Under such circumstances the railway company was only under the obligation to use ordinary care not to injure him.
For the error indicated the judgment is reversed and cause remanded.
Reversed and remanded. *Page 606