## J. M. FANNING v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

### Decided March 18, 1905.

**1.—Carrier of Passengers—Licensee—Ordinary Care.**

Where a passenger, through his own oversight, fails to get off the train at his destination, he becomes a licensee to whom the carrier owes the duty to use ordinary care to avoid injuring him, and is his reciprocal duty to use ordinary care for his own safety.

**2.—Same—Contributory Negligence in Disembarking.**

Where plaintiff failed to get off the train at his destination, and the conductor undertook to stop the train to enable him to do so, and plaintiff stepped off before the train came to a full stop and without noticing that it was still moving, and so was injured, he was guilty of contributory negligence which was the proximate cause of his injury.

Appeal from the District Court of Franklin. Tried below before Hon. P. A. Turner.

*R. E. Davenport* and *Wilkins & Vinson,* for appellant.—1. Plaintiff was rightfully on the train until he alighted from same, although he failed to get off when the train first stopped at Mt. Vernon, and was entitled to the rights and protection of a passenger; and, if the defendant negligently failed to discharge its duty to him as such passenger, and the plaintiff was thereby injured, without fault of his, the defendant is liable, and especially would this be so if the conductor agreed to stop the train and permit him to alight. Railway Co. v. James, 18 S. W. Rep., 589; Railway Co. v. Smith, 32 S. W. Rep., 710; Railway Co. v.

Elliott, 54 S. W. Rep., 410; Railway Co. v. Gilbert, 64 Texas, 536; Railway Co. v. Shelton, 69 S. W. Rep., 653; Railway Co. v. Highnote, 84 S. W. Rep., 365.

2. So, if plaintiff failed to leave the train when it first stopped at Mt. Vernon, under the mistaken belief that it was Saltillo instead of Mt. Vernon, he continued to be a passenger until he alighted, and was entitled to the rights and protection of a passenger, and if the defendant failed to discharge its duty to him as such passenger, and he was thereby injured, without his fault, the defendant is liable. Railway Co. v. Devany, 63 Texas, 172; Railway Co. v. Hassell, 62 Texas, 256; Railway Co. v. Gilbert, 64 Texas, 536; Railway Co. v. Pruitt, 79 S. W. Rep., 598; Railway Co. v. Shelton, 69 S. W. Rep., 653; Gary v. Railway Co., 42 S. W. Rep., 576; Railway Co. v. Rather, 21 S. W. Rep., 951; Railway Co. v. Johnson, 81 S. W. Rep., 780; Conwill v. Railway Co., 85 Texas, 96.

*Glass, Estes & King* and *E. B. Perkins,* for appellee.—Where, as in this case, appellant, after having reached his destination, negligently remained on the train after it stopped at his destination, and then, after the train started, undertook to get off the same while it was in motion, without being compelled to do so, he can not recover for an injury received in leaving the train. Missouri, K. & T. Ry. v. Perry, 27 S. W. Rep., 496; Railway v. Cohn, 53 S. W. Rep., 698; Railway v. Martin, 63 S. W. Rep., 1089; Railway v. Woods, 28 S. W. Rep., 416; Railway v. Terry, 65 S. W. Rep., 697; Railway v. Carter, 70 S. W. Rep., 322; Railway v. Atchison, 54 S. W. Rep., 1075; Railway v. Alexander, 30 S. W., 1114; Railway v. Mathes, 73 S. W. Rep., 411.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the appellant against appellee in the District Court of Franklin County, to recover $15,000 for personal injuries alleged to have been sustained by him in alighting from a passenger train of appellant at Mt. Vernon, Franklin County, on December 31, 1900. Defendant plead general denial; that plaintiff was not entitled to ride on the pass at all, but, if so, no farther than Mt. Vernon; that the train stopped a sufficient time for him to get off, but he negligently failed to do so; assumed risk; that, if appellant got off the train before it stopped, he was guilty of contributory negligence. A trial was had, and, after the evidence was closed, the court instructed a verdict for defendant, and plaintiff has appealed.

*Conclusions of fact.*—Appellant boarded a car at Dallas on the evening of the 30th of December, 1900, for passage over the appellee's railway to Mt. Vernon, Texas. He exhibited to the conductor a pass entitling him to transportation, and told the conductor he wanted to get off at Mt. Vernon. When the train reached Mt. Vernon the name of the station was announced and the train stopped. Several passengers alighted from the train. Supposing the train was at Saltillo, the next station west, and that it had not reached Mt. Vernon, appellant did not get off, but kept his seat. The train, after stopping a few minutes, began to move off, when the conductor came in from the west and walked up to where appellant was seated in the east end of the car. As to what then took place is best told by the appellant, who testified: "When the conductor

came in at the west end I was sitting in the east end, and he walked down and asked if I was going to get off of the train, and I told him I would when I got to Mt. Vernon, and he said: 'You are at Mt. Vernon now.' I immediately got up and was standing right near the door, and I immediately got up and remarked to him that I wanted to get off, and he said: 'If you want to get off I will stop the train.' I looked toward the door and discovered that the train was running, and he remarked to me, 'Do you think you can make it?' And I said, 'No, sir; you will have to stop the train.' Then it was that he pulled the bell cord, and said, 'All right, I am ready for you.' I went out, and, as I left the car, I said, 'All right,' and I fell over heavily on the ground and lay there for a short time, and when I got up the train was gone, and that is about all. When the conductor pulled the bell cord and said, 'All right, I am ready for you,' I understood by that that the train had stopped. I acted exactly upon what the conductor told me in getting off the train."

Again he testified: "I believe a man could see the ground when I stepped off, but I don't remember whether I was looking for it or not. I was familiar with the ground all along there . . . I did not notice to see whether he had stopped the train or not. I said that if I had noticed I could have told whether the train had stopped, but I did not notice about it. I paid no attention to it. I don't remember about looking for the ground when I left the steps, and don't know whether I saw it or not. I expect I could have seen it, for it was a star-light night. It had been raining, but it was not a dark night. It had been raining a little the fore part of the night, and this was about three o'clock the next morning. I believe I could have seen the ground if I had noticed before I stepped off. I stated that it was raining in the fore part of the night, but was star-light then, when I got off the train."

There was uncontradicted testimony that the train came to a full stop within about twenty feet from where appellant got off.

*Conclusions of law.*—This court, in announcing the law upon a state of facts somewhat akin to these here presented, said: "Under the contract of carriage the law implies certain obligations resting upon the carrier and certain reciprocal duties devolving upon the passenger. The carrier undertakes to transport the passenger safely from the initial point of transportation to the place of destination, to give reasonably sufficient notice of stations, and to afford a reasonable opportunity for the passenger to disembark from the train. When the carrier has performed these obligations its duties and responsibilities under the contract of carriage cease, and it does not thereafter sustain any contractual relation to the passenger it has carried. The reciprocal duty rests upon the passenger to get off the train at the place to which he has contract for carriage, when reasonable notice has been given, and reasonably safe means and opportunity afforded him for the purpose. The obligation does not rest upon the carrier to put the passenger off the train; nor does the law impose upon the carrier the duty of taking notice that the passenger has fallen asleep, and cause him to be aroused." (Railway Co. v. Perry, 8 Texas Civ. App., 78, 27 S. W. Rep., 496.) The doctrine as above announced is the approved doctrine in this State. (Railway v. Martin, 26 Texas Civ. App., 231, 63 S. W. Rep., 1089; Railway v. Terry, 27 Texas Civ. App., 341, 65 S. W. Rep., 697; Railway v.

Atchison, 54 S. W. Rep., 1075; Railway v. Alexander, 30 S. W. Rep., 1114; Railway v. Cohn, 22 Texas Civ. App., 11, 53 S. W. Rep., 698; Railway v. Cole, 66 Texas, 564.)

While the contractual relation between appellant and the carrier ceased upon the appellee's causing the name of the station to be announced and stopping the train a reasonable time for its passengers to alight, yet we are not willing to accede to the proposition that a passenger who, through mistake, has failed to disembark at the station of his destination, thereafter becomes a trespasser, and the carrier owes him no duty other than to avoid wilfully injuring him. We are of the opinion that he occupies the position of a licensee, and that the carrier owes him the duty of ordinary care to avoid injuring him, and it is the reciprocal duty of such licensee to use ordinary care for his own safety, and to refrain from any act of negligence. It was shown that appellant was told by the conductor that he would stop the train, and the conductor began pulling the bell cord for that purpose. Appellant was, at that time, in or near the door of the car. He walked out and passed down the steps, and got off without looking to see if the train had come to a stop, or to see where he was stepping. Had he noticed, he could have told whether the train had stopped or not. He paid no attention to it. The train was moving when he got off, and this was the cause of his being injured. The train did come to a full stop after going about twenty feet. It is clear that the appellant was guilty of negligence in failing to look to see if the train had stopped before attempting to alight, and that such negligence was the proximate cause of his being injured. It follows there was no error in instructing a verdict for defendant.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.