MISSOURI, K. & T. RY. CO. OF TEXAS v. DICKSON.

(Court of Civil Appeals of Texas. Austin. June 29, 1912. Rehearing Denied Oct. 23, 1912.)

1. CARRIERS (§ 346*) — RAILROADS — PASSENGERS—DISEMBARKATION AT WRONG STATION —CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a railway company for injuries to plaintiff, a passenger, resulting from trainmen causing her to disembark at the wrong station, evidence *held* insufficient to warrant a finding that she was guilty of contributory negligence, making it proper to refuse instructions presenting that issue.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. § 346.*]

2. TRIAL (§ 251*)—INAPPLICABLE INSTRUCTIONS—REFUSAL.

Instructions inapplicable to the issues are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. CARRIERS (§ 321*) — RAILROADS—PASSENGERS—DISEMBARKATION AT WRONG STATION —INSTRUCTIONS.

Where a railway passenger sued for injuries resulting from her disembarkation from a train at the wrong station, not on the theory that defendant carrier was negligent, but that its trainmen misled her to believe that she had arrived at her destination, an instruction which precluded a recovery if the trainmen announced the name of the station and plaintiff did not understand what was said, and was led to disembark by another trainman, was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337, 1343; Dec. Dig. § 321.*]

4. DAMAGES (§ 130*)—INJURY TO PASSENGER —EXCESSIVENESS OF RECOVERY.

One thousand one hundred and twenty-five dollars and thirty-five cents is not excessive recovery for injury to a passenger resulting from her being led by a trainman to disembark at the wrong station, where she was compelled to wander around in the dark for quite a while, was greatly frightened by meeting strange men, sustained a nervous shock, and as a result was confined to her bed for 10 days or two weeks, though she did not consult a physician.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370, 371; Dec. Dig. § 130.*]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Action by Mrs. E. C. Dickson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Spell & Sanford, of Waco, for appellant. O. E. Roberts, of Taylor, for appellee.

KEY, C. J. Appellee recovered a verdict and judgment against appellant for $1,125.35 as damages for injuries alleged to have been occasioned by reason of appellant's agents and servants causing appellee to disembark from the train at Granger, Tex. Appellant's answer included a general denial and special plea of contributory negligence; and, being dissatisfied with the result, it prosecutes this appeal, which has been submitted upon sev-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

eral assignments of error, all of which complain of the action of the trial court in giving or refusing instructions to the jury, except one which charges that the verdict is excessive.

Taking the court's charge as an entirety, we hold that it is not subject to the objections presented in appellant's brief; and we also hold that no error was committed in refusing to give requested instructions. After stating to the jury certain general principles of law, the court instructed them, in effect, that if the defendant's agents or employés in charge of the train, upon which plaintiff was a passenger, upon the arrival of the train at Granger, notified her that she had arrived at Taylor, and caused her to alight from the train at a place in Granger away from the defendant's passenger station, and that, if in so doing the defendant's servants or employés failed to exercise that high degree of care that a very prudent and cautious person would have exercised under the same or similar circumstances, the plaintiff was entitled to recover; but that if the plaintiff was guilty of contributory negligence in failing to discover and remain at the defendant's station, and that her negligence in that respect caused or contributed to her injury, she was not entitled to recover for any injuries so caused or contributed to.

It is strenuously insisted, on behalf of appellant, that the court erred in refusing to submit to the jury the following requested instruction: "You are instructed that, under the contract of carriage, the law implies certain obligations resting upon the defendant carrier, and certain reciprocal duties resting upon the passenger. The carrier undertakes to transport the passenger safely from the initial point of transportation to the point of destination, and to give reasonably sufficient notice of the arrival at stations, and to afford a reasonable opportunity for passengers to disembark from the train. When the carrier has performed these obligations, its duties and responsibilities, under the contract of carriage, cease, and it does not thereafter sustain any contractual relation to the person it has carried. The reciprocal duty rests upon the passenger to get off the train at the place to which he or she has contracted for carriage. When reasonable notice has been given, and reasonably safe means and opportunity afforded him or her for this purpose, the obligation does not rest upon the carrier to put the passenger off the train, nor does the law impose upon the carrier the duty of taking notice that the passenger has fallen asleep, and cause him or her to be aroused in order to disembark. You are charged that it is the duty of the passenger to use his or her senses and take notice of the usual announcements of stations, and if by reason of possessing a defect in hearing or other infirmity, if unknown to the defendant, he or she fails to hear the notice of the arrival of the train at a given station or point of destination, or if the passenger misunderstands the notice of arrival of the train at a given point or station, and does not use reasonable care to ascertain the correct station (by reasonable care is meant such care as a reasonably prudent person would exercise under the same or similar circumstances), and by reason of such failure to hear or to understand the correct notice given by the carrier of the arrival of the train at a given station or point of destination, or by reason of the failure, on the part of the passenger, to exercise reasonable care, as above explained, to ascertain the correct notice of the station, and he or she gets off at a wrong station, the carrier is not liable therefor. Now, if you believe from the evidence that the defendant company gave reasonable notice of the arrival of the train on which plaintiff was a passenger at Granger, Tex., and you further believe from the evidence that the plaintiff, by reason of deafness or other infirmity not known to the defendant, did not understand the notice given of the arrival of the train at the station, and you further believe from the evidence that the plaintiff did not exercise reasonable care to ascertain the correct notice of said station, and alighted from defendant's train at the wrong station, you are charged to find for the defendant, unless you find for plaintiff under some other issue of negligence on defendant's part, raised by the pleading."

[1] We hold that the requested instruction was properly refused for several reasons. In the first place, we do not think the testimony presents any question of contributory negligence. The clear and undisputed evidence shows that the plaintiff disembarked from one of defendant's trains in the nighttime, at a point some distance north of the depot or station in the town of Granger, and that she supposed that she was at Taylor, which was her destination and home. She testified that, after getting off the train, she still thought she was in Taylor, and started in what would have been the proper direction to reach her home, if she had been in Taylor. There is nothing to indicate that she was not telling the truth when she stated that she thought she had gotten off at Taylor, and thought she could reach her home by turning west and walking as she said she did; and if she pursued the course referred to, under the misapprehension stated, we fail to see any reason for charging her with contributory negligence in so doing.

[2] In the second place, the refused instruction had no application to this case. The greater portion of it seems to have been copied from the opinion of Mr. Chief Justice Finley, in the case of M., K. & T. Ry. Co. v. Perry, 8 Tex. Civ. App. 78, 27 S. W. 496. It treats of the respective duties of carriers and passengers, especially as to affording proper opportunities for the latter to dis-

embark, and the duties of the latter to avail themselves of such opportunities to get off the train when they have reached their destination. The rules of law, announced and applied in that case, have no application to this case. There the passenger was carried beyond his destination, and the opinion shows that there was testimony tending to show that he was asleep. Here there is no complaint that the passenger was carried beyond her destination; but, on the contrary, the complaint is that, on account of the negligence of appellant's employés, she was prevented from reaching her destination, and caused to disembark in the nighttime in the town of Granger, at an unusual and improper place.

[3] In the third place, the plaintiff's suit was not predicated upon the contention that the defendant was guilty of negligence in not giving proper notice of the arrival of the train at Granger, but upon the proposition that, no matter if the name of the station was announced, the defendant's employés misled the plaintiff by telling her, in effect, that the station was Taylor, and carrying her suit case and assisting her to get off. The plaintiff testified that the transaction was, in substance, as alleged in her petition. The defendant's employés, who were operating the train, testified to the contrary, and denied that they had said or done anything calculated to cause the plaintiff to get off where she did, and denied seeing her get off. That was the issue upon which the right of recovery depended, and it was properly submitted to the jury, in the court's charge. The plaintiff testified that at times she did not hear well, and it may be that an employé of appellant passed through the train and announced the station as Granger, and that the plaintiff did not hear or understand what he said, and that he or some other employé thereafter told her that she had reached Taylor, her destination, and caused her to disembark, and, if so, she was entitled to recover; but the requested instruction would have precluded recovery under such circumstances. Hence, for the reasons stated, we hold that that instruction was properly refused.

[4] We have also concluded that it is not our duty to set aside the verdict as excessive. It appears to be a rather large verdict; but, as there is no fixed standard, or even approximately accurate means, of determining what would be reasonable and fair compensation for mental and physical suffering, we do not think it would be proper for this court to hold that the verdict is so large as to indicate that the jury was influenced by any improper consideration. The plaintiff testified that, on account of being compelled to wander for quite a while in the dark, and meeting two or three strange men while doing so, she was greatly frightened, and that for that reason, and on account of the fact that she was carrying a heavy suit case all the time, she sustained a nervous shock; from the effect of which she claimed that she had not entirely recovered at the time the case was tried. The proof shows that she finally knocked on a door, aroused a citizen of Granger, and obtained directions to the railroad station, where she remained for several hours, when she went to a private house and stayed until the arrival of the afternoon train, when she purchased a ticket and went on to Taylor. She testified that she was thereafter confined to her bed for about ten days or two weeks, and had pains in her head and back, but admitted that she did not consult a physician. The effect which the conditions and things described in the plaintiff's testimony would have upon a woman would depend largely upon the woman herself. There may be a class of women who, under such circumstances, would suffer very little, if any, even physically or mentally, while others of a different class might, under like circumstances, suffer very much in both respects. The plaintiff appeared as a witness in the trial court, and the jury and judge, who presided in that court, were much better qualified than we are to determine to which class she belonged.

The two questions above discussed are the only ones which we care to consider in detail in this opinion. All others have been considered in the consulation room, and decided against appellant.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.