## Louisville Railway Company v. Ruxer, By et al.

(Decided November 27, 1914.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1.  Carriers—Passengers—Street Railways—Instructions.—In an action for damages for personal injuries, where plaintiff testified that she was on the bottom step of the car talking to the conductor and while in that position he started the car and she was thrown to the ground, and the conductor testified that while the car was moving, plaintiff, who was on the platform, requested him to stop the car, and she alighted from the car before it stopped, it was not error to refuse instructions submitting the question of reasonable opportunity to alight, and reasonable diligence in alighting.

2.  Carriers—Passengers—Street Railways—Instructions.—In an action for damages for personal injuries, where plaintiff testified that she was on the bottom step of the car talking to the conductor, and while in that position he started the car and she was thrown to the ground, and the conductor testified that while the car was moving, plaintiff, who was on the platform, requested him to stop the car, and she alighted from the car before it stopped, instructions to the effect that if while plaintiff was on the step of the car, the car was started and she was thereby thrown to the street and injured, the jury should find for plaintiff, but on the other hand if plaintiff left the car after the car had started, and while it was in motion, they should find for the defendant, were proper.

FRANK P. STRAUS and HOWARD B. LEE for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries against defendant, Louisville Railway Company, plaintiff, Louisa Ruxer, suing by her next friend, George Bauer, recovered a verdict and judgment for $1,000. Defendant appeals.

Error in the giving and refusing of instructions is the sole ground urged for reversal.

Briefly stated, the facts are these: Plaintiff, together with her cousin, Jessie A. Pickard, boarded one of defendant's cars at 18th street and Ormsby avenue. Plaintiff worked on Fourth avenue, and desired a double transfer up Broadway and out Fourth Avenue. Her cousin's destination was the Highlands. To reach that

point only a single transfer was necessary. Through mistake, plaintiff was not given the double transfer that she desired. When the car reached the northern intersection of 18th and Broadway, it came to a stop for the purpose of receiving and discharging passengers. Plaintiff's cousin left the car hurriedly and ran to catch a Broadway car, which was waiting near by. She called to the plaintiff to hurry. Plaintiff says that when the car stopped she walked out and took a position on the lower step. One foot was on the step, while the other hung out over the step. While standing in this position, with one hand holding the hand rail, she asked the conductor to exchange her transfer for a double transfer. He replied that he had given her a transfer, and then rang the bell. The car started with a jerk. She lost her balance and was thrown to the ground and injured. According to the testimony of the conductor, he had changed plaintiff's transfer before she got to him. After the car started plaintiff said, "Hold on, I want to get off here." At that time she was standing on the platform near him and not on the step. He then rang the bell for the purpose of stopping the car. Before the car stopped plaintiff stepped off and was injured.

The defendant offered the following instructions, which were refused:

"1. It was not the duty of the conductor to hold the car stationary more than a reasonable length of time for passengers to alight in safety, and if you believe from the evidence that he held the car stationary for a reasonable time and the plaintiff stepped to the step or from the car just as the car was starting, or after it was started, then the law is for the defendant.

"2. It was the duty of the plaintiff to exercise ordinary care for her own safety, and if she failed in this and her failure contributed to her injury, then the law is for the defendant, and you should so find."

The court instructed the jury as follows:

"1. If you believe from the evidence that the car came to a stop and the plaintiff got upon the step of the car, and that while she was in that position the car was started, and she was thereby thrown to the street and thereby injured, then the law is for the plaintiff, and you should so find. But, unless you so believe from the evidence, then the law is for the defendant, and you should so find.

"2.   If you believe from the evidence that after the car started in motion, the plaintiff left it while it was in motion, then the law is for the defendant, and you should so find, even though you should believe from the evidence that she was thereby injured."

It is argued that the offered instruction should have been given because the real questions to be determined were whether or not defendant afforded a reasonable opportunity to leave the car, and whether or not plaintiff exercised reasonable diligence in getting off the car after it stopped for that purpose. According to our view of the facts of this case, neither of the above questions is presented. It is not a case where the conductor was in the car, and without knowledge of plaintiff's peril, had a right to conclude, from the length of time that the car had stopped, that plaintiff had gotten off the car. It is a case where he was standing talking to the plaintiff and knew of her position. The only difference between his testimony and that of plaintiff respecting her position at the time is that he says she was on the platform, while she says she was on the bottom step. It is, therefore, certain that he knew of her position, whether on the platform or on the step. Therefore, if she was on the step, a fact which was known to him, and he gave the signal for the car to start, and plaintiff was thereby thrown to the ground, this was negligence on his part, it matters not how long the car had been stopped for the purpose of enabling plaintiff to alight. L. & N. R. R. Co. v. Harmon, 23 Ky. L. R., 872. On the other hand, if, after the car started, she asked the conductor to let her off, and he gave the signal for the car to stop, and she stepped from the car before it stopped, she was not entitled to recover. The only complaint that could be made of instruction No. 1 is that it did not present to the jury the question of the conductor's actual or constructive knowledge of plaintiff's peril. This we do not regard as prejudicial, in view of the fact that the evidence clearly shows that he knew of plaintiff's position. Instruction No. 2 offered by defendant was the ordinary instruction on contributory negligence. Instruction No. 2 given by the trial court submits to the jury the facts which, if true, would constitute contributory negligence. On the whole, we conclude that the respective contentions and theories of plaintiff and defendant were more clearly presented by the given than by the offered instructions.

Judgment affirmed.