PARIS & G. N. R. CO. v. CAMPBELL.
(No. 1582.)

(Court of Civil Appeals of Texas. Texarkana.
March 9, 1916.)

CARRIERS ⬥═247(1) — CARRIAGE OF PASSEN-
GERS—TRESPASSING PASSENGER—DUTY NOT
TO INJURE.

A railroad's porter, running along beside a
train, after it left a station, endeavoring to
board, owed the duty to a passenger thereon,
who had neglected to leave the train at the
stop, to use care not to injure him in getting on
the train.

[Ed. Note.—For other cases, see Carriers, Dec.
Dig. ⬥═247(1).]

Appeal from District Court, Lamar Coun-
ty; A. P. Dehoney, Judge.

Suit by J. B. Campbell against the Paris &
Great Northern Railroad Company. From a
judgment for plaintiff, defendant appeals.
Affirmed.

This was a suit by appellee for damages
for personal injuries which he claimed he
suffered because of negligence on the part of
employés of appellant. Appellee was a pas-
senger, destined to Arthur City, Lamar coun-
ty, on one of appellant's trains. From testi-
mony on his behalf it appeared that when the
train reached that place he at once left his
seat in the car he was in, and as quickly as
he could went to the steps thereof to get off.
When he reached the steps, the train was
moving from the station. He was carrying
an iron plow-coulter and chain weighing
eight or ten pounds in his right hand. "When
I reached the second step," appellee testified,
"the porter was running along, and holloed
if I got off there, and I said 'yes.' He said,
'Get off,' and he swung on and knocked my
hand loose. I had hold of the handhold
with my left hand, and had a plow-coulter in
my right hand. * * * The negro (porter)
was running by the side of the train, and he
grabbed the same handrail I had hold of and
swung on the step and knocked my hand
loose, and off I went; and he not only knock-
ed my hand loose when he came on, but he
crowded me out. The whole thing was done
in an instant. * * * When he left the
ground he was running his best." The tes-
timony was sufficient to support findings in-
volved in the verdict and judgment, and
therefore we find: (1) That the train did not
stop at Arthur City for a length of time rea-
sonably sufficient to enable appellee in the
exercise of due care to leave same; and (2)
that while he was on the steps of the car,
preparatory to alighting from it, the train
porter in an effort to get aboard of the car
as it moved from the station, in discharge
of a duty he owed to appellant, negligently
pushed or jerked appellee, and so caused
him to fall from the car to the ground, where-
by he sustained injury to his person, to his
damage in the sum of $750.

Wright & Patrick, of Paris, for appellant.
Lattimore & Hutchison, of Paris, for appel-
lee.

WILLSON, C. J. (after stating the facts
as above). The effect of the court's charge,
considered as a whole, was to tell the jury
to find for appellee only in the event they
believed he was himself without fault, and
that appellant's porter negligently pushed or
jerked him from the steps of the car while it
was moving, and that the act of the porter
was the proximate cause of the injury to ap-
pellee. The jury were not authorized by the
charge to predicate a finding of liability on
appellant's part on its mere failure to stop
the train long enough to enable appellee to
safely alight therefrom. Therefore many of
the objections urged to the charge and to the
action of the court in refusing special charg-
es requested need not be noticed in disposing
of the appeal.

There was evidence which would have sup-
ported a finding that the train stopped at the
station reasonably long enough to enable pas-
sengers to leave it. Appellant insists if it
did stop long enough appellee, failing to
leave it, was in the attitude of a trespasser,
and that it owed him no duty except the du-
ty to not willfully injure him. It therefore
further insists that the court erred when
he told the jury, in the third paragraph of his
charge, that under those circumstances it
owed to appellee the duty to use ordinary
care to avoid injuring him. But we are of
opinion if appellee was, technically, a tres-
passer, under the circumstances shown by his
testimony, which it is evident from their ver-
dict the jury believed, appellant's porter
owed to him the duty to use care not to in-
jure him in getting on the train. Railway
Co. v. Harmon (Ky.) 64 S. W. 640; Railway
Co. v. Ruxer (Ky.) 170 S. W. 655; Railway
Co. v. Turner, 33 Tex. Civ. App. 604, 77 S.
W. 255.

In the case last cited the court said:

"When a train is stopped, and does afford a
reasonable opportunity for passengers to alight,
then the employés of the carrier have the right
to presume that all passengers desiring to do
so have left the cars, and the duty of the car-
rier to those who have reached their destination
and failed to alight is the use of ordinary care
not to injure them."

And in the case first cited the court said:

"If it (the train) remained at the station long
enough to permit the appellee to alight in safety,
and she failed to do so, but was in the act of
alighting in the presence of the conductor, and
he started the train with that knowledge, it was
per se negligence."

So far as the principle involved is con-
cerned, we see no difference between the case
last quoted from and this one. There the
conductor was acting within the scope of his
duty as such when he started the train.
Here the porter was discharging a duty he
owed to appellant to get aboard the train.
If the conductor in that case, because he

knew the position of the plaintiff on the train, owed her the duty to use care for her safety, notwithstanding she was a trespasser, we see no reason why the porter in this one, knowing, as he necessarily did in view the jury must have taken of the testimony, the position of appellee on the train, should not have been held to the use of care to avoid injury to him.

The matters presented by the refusal charges not disposed of by the conclusion reached, as indicated by what has been said, are believed to have been sufficiently covered by instructions given to the jury.

The verdict is attacked as without support in the evidence and as excessive. It is, if the testimony on the part of appellant alone should be considered. But the jury, of course, had a right to believe that on the part of appellee; and when it is looked to it cannot be said that the verdict as returned was without support as to either the finding of liability on the part of appellant or as to the amount of damages sustained by appellee.

The judgment is affirmed.