## TEDESCO v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5448.   Decided June 28, 1935.   (46 P. [2d] 670.)
Rehearing Denied September 16, 1935.

*L. E. Cluff,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Ingebretsen, Ray, Rawlins & Christensen,* of Salt Lake City, for defendants.

MOFFAT, Justice.

Applicant brings here for review an order of the Industrial Commission denying compensation.   It appears from the record that Frank Tedesco, husband and father of the applicant Clarice M. Tedesco, widow, and Frank S. Tedesco,

aged 11 years, and Darlena P. Tedesco, aged 9 years, children, was an employee of the Hercules Powder Company, a self-insurer. It is claimed that Frank Tedesco while so employed on August 9, 1932, while lifting a case of powder at the company's plant at Bacchus, Utah, was accidentally injured from the effects of which he was compelled ultimately to undergo an operation as a result of the injury. Two hearings were had, evidence received, and findings made.

The commission found that "the cause of the death of Frank Tedesco on August 31, 1932, was peritonitis, due to a perforated ulcer." This finding is amply supported by the evidence. There is no evidence to the contrary. The commission, however further found:

"That all the evidence introduced as to the alleged accident (on August 9th) was hearsay, and that the applicant has failed to sustain by competent evidence her burden of proof to show that the death of decedent * * * was caused, either directly or indirectly, by the alleged accident."

Applicant complains of this finding on the ground the commission considered the evidence relating to the alleged accident on August 9, 1932, as hearsay.

Counsel for applicant in summarizing the evidence, which they claim the commission disregarded, in substance say that deceased, Frank Tedesco, was a strong, healthy, athletic man, thirty-four years old; that he had no physical disability, and had manifested no distress after eating, nor had he complained of any stomach trouble; that he was working alone in a magazine of the plant of the Hercules Powder Company when he attempted to lift a 50-pound case of powder which Tedesco said was stuck to the floor. In jerking it loose, that he stated he was stricken with a severe pain in his abdomen which resulted in a swelling like a rupture near an appendectomy scar. He telephoned for help. While waiting for help he succeeded in getting some relief by pressing on his abdomen and bending over, so that some twenty or thirty minutes later when the first aid man

called on the telephone, he (Tedesco) stated he felt better and that he did not need help at that time. At about that time two other employees of the company came to where he was and he reported to them his experience. The same evening he visited a doctor in company with his sister and told the doctor of his experience, but did not request nor submit to an examination. He continued his work for a period of eleven days, when he again visited the doctor for an examination, and again told the doctor concerning the incident, and that he had suffered pain off and on since. The doctor did not prescribe for him, and, although at the previous interview the doctor had suggested the symptoms indicated a ventral rupture, at this time the doctor stated he could find no evidence of a rupture.

Counsel cite the case of *Hammond* v. *Industrial Commission*, 84 U. 67, 34 P. (2d) 687, 692, recently decided by this court, as authority requiring the admission and consideration of the evidence tending to establish the summarized statement herein above set forth, and contend ∎ that the ruling in that case requires the acceptance of the evidence and the granting of an award based thereon. In that case it is stated:

"The general rule is, and I think it is everyday's practice, and as stated in the case of *Northern Pac. R. Co.* v. *Urlin*, 158 U. S. 271, 15 S. Ct. 840, 842, 39 L. Ed. 977, that: 'The declarations of a party himself to whomsoever made, are competent evidence when confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present, existing pain or malady, to prove his condition, ills, pains, and symptoms, whether arising from sickness, or from an injury by accident or violence. If made to a medical attendant, they are of more weight than if made to another person.'

"In 3 Jones' Commentaries on Evid. (2d Ed.) 2234, the author says: 'Where it appears that the physician testifying was called by the injured person in his ordinary professional capacity and for purposes of securing relief from pain and for medical treatment, and there are no circumstances casting suspicion on the genuineness of the utterance, all statements of symptoms and sufferings, whether past or present, and though involving statements as to the nature of the accident, if necessary to diagnosis by the physician, may be testified to

by him. On the other hand, where a physician examines an injured person for the express purpose of testifying as to his physical condition, even declarations of present pain made by the patient to the physician have been held inadmissible.' * * *

"The admissibility of evidence of declarations of present pain, suffering, or symptoms is not dependent upon their having been made to or in the presence of medical attendants. 8 Ency. of Evid. 576. If the declarations or statements are descriptive of or characterize a present pain, suffering, or symptoms, they are admissible to whomsoever made. Various reasons have been stated for the admissibility of such evidence. By some texts and by some judicial decisions the admissibility is put on the ground or theory of res gestae. But that does not necessarily mean res gestae to the happening of the accident or contemporaneous with the infliction of the injury. Declarations made at such time and which tend to explain, illustrate, or characterize the transaction and which are a part thereof are admissible under the res gestae rule, though they may not be declarations of pain or suffering. *Cromeenes* v. *San Pedro, L. A. & S. L. R. Co.*, 37 Utah 475, 109 P. 10, Ann. Cas. 1912C, 307. Declarations or statements descriptive of and which characterize a mental or physical condition of present pain or suffering or symptoms are admissible, though made after the injury was inflicted. They, of course, must characterize or be expressive of a present mental or physical condition of pain or suffering or symptom, res gestae to such condition, and which prompted or induced the declarations. Other authorities put the admissibility on the ground, not as an exception to the general hearsay rule but as competent evidence, of the mental or physical condition and 'as verbal acts rather than hearsay' (8 Ency. of Evid., 575) and, as well put by Mr. Justice Swayne in the case of *Travelers' Insurance Co.* v. *Mosley*, 8 Wall. 397, 404, 19 L. Ed. 437, that: 'Wherever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings are original and competent evidence. Those expressions are the natural reflexes of what it might be impossible to show by other testimony. If there be such other testimony, this may be necessary to set the facts thus developed in their true light, and to give them their proper effect. As independent explanatory or corroborative evidence, it is often indispensable to the due administration of justice. Such declarations are regarded as verbal acts, and are as competent as any other testimony, when relevant to the issue. Their truth or falsity is an inquiry for the jury.' "

That some of the evidence relating to declarations concerning the alleged accident would be admissible under the rule is not to be doubted. It is equally true that some of it,

measured by the same rules, should be rejected. It is not necessary to specify. The rule properly applied makes the distinction. What was considered by the commission, if any, and what was rejected we have no means of determining. For the purpose of this discussion, the result would be the same had the finding applicant refers to been based upon the evidence which counsel points to as being the evidence rejected.

That the cause of death of the deceased was peritonitis resulting from a duodenal ulcer is not questioned. For applicant to establish a case it was necessary to show a causal connection between the alleged accident and the resulting injury, if any, and the duodenal ulcer, its ■ perforation of the bowel, and the resulting peritonitis. The record fails to disclose any causal connection between the alleged accidental injury and the peritonitis causing death. To certain hypothetical questions, assuming some matters not in evidence, whereby it was attempted to show that there was a connection between a strangulated hernia and the perforated duodenal ulcer, the answer was that "it was possible," while it was also stated that no such connection was found to exist. There is no direct evidence in the record that the alleged injury caused a hernia. There is no evidence in the record, if it be inferred that such hernia existed, that there was any connection between such hernia and the duodenal ulcer, its perforation of the duodenum, or the death of deceased.

The ultimate and controlling findings of the commission are in harmony with the competent evidence submitted. No cause for disturbing the findings of the commission is shown. The order denying compensation is therefore affirmed.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice (concurring in part).

I concur on the ground set forth in the last part of the opinion, to-wit, that the commission was justified in finding

that there was no satisfactory evidence of a connection between the perforated duodenal ulcer and a strangulated hernia, and that, therefore, regardless of whether the declarations of the decedent to the doctor or others were admissible or not, there would still be no evidence of said connection. It therefore appears to me to be unnecessary in this opinion to determine whether some of the declarations were admissible and some were not. Since it is unnecessary to so determine, I have not examined such declarations for the purpose of determining whether or not they were admissible. For that reason, I am not in a postition to concur in the statement in the prevailing opinion that some of the declarations would be admissible under the language of the Hammond Case, and that some, measured by the same rule stated in that case, would be rejected.