**NORTON et al. v. BRIDGE et al.**

**No. 5659.**

Court of Civil Appeals of Texas.
Texarkana.

Oct. 23, 1940.

Rehearing Denied Nov. 14, 1940.

J. A. Ward and T. Claude Hutchings, both of Mt. Pleasant, for appellants.

Seb F. Caldwell, Hiram G. Brown, and Traylor Russell, all of Mt. Pleasant, and Robert Salmon, of Linden, for appellees.

HALL, Justice.

Appellee, Howard Bridge, instituted this suit in the District Court of Titus County against E. S. Norton, contractor, Cookville Independent School District and its trustees, Mrs. W. G. Crawford and W. G. Norton, sureties on Norton's bond, for the sum of $553.54 for "labor, material and merchandise" furnished by Bridge to E. S. Norton and used in construction of a school building for the Cookville Independent School District. The Redwater Lumber Company intervened, setting up a claim against the same parties for the sum of $441.28 for labor and building material furnished by it to E. S. Norton, and used in the construction of said school building; and also a claim for $176.60 (now owned by intervenor) due Alto Mill & Lumber Company for labor and material furnished E. S. Norton and used in construction of said school building.

E. S. Norton, contractor, and Mrs. W. G. Crawford and G. W. Norton, sureties on his bond, answered (so far as pertinent to this appeal) that the architect for the school district and Norton, contractor, made material alterations in the specifications and improvements to be made without the knowledge or consent of W. G. Norton and Mrs. W. H. Crawford, which increased the cost of the school building $1,205.20 and made their obligations more onerous than that assumed by them in the beginning. Answering further, Mrs. Crawford and G. W. Norton, sureties, alleged that the school district and its officers failed to retain 20% of the contract price of said school building for the purpose of satisfying "all claims and demands incurred for the same" as provided in the building contract; that they "wrongfully and in violation of said contract and to the prejudice and injury and wrong of these defendants, Mrs. W. H. Crawford and W. G. Norton, paid out practically all the contract price to E. S. Norton or to others or on his order and failed and refused to reserve and hold back the said 20% of the contract price, which is the sum of $970, and thereby permitted the said E. S. Norton to have access to the 20% that should have been reserved to protect these defendants against any damage or loss by misapplication or misuse of the said funds and contract price for said building."

The school district answered that certain deductions and additions were made to the original contract and specifications which taken together amounted to $225; that E. S. Norton abandoned the contract and refused to finish the building and the school district was compelled to employ other parties to complete same; that there was in its hands after the building had been completed the sum of $81.24 which it requested the court to decree to Bridge and the Redwater Lumber Company. The school district denied any further liability.

The jury verdict and judgment were in favor of Bridge, the Redwater Lumber Company, and the school district, and against E. S. Norton, contractor, and Mrs. W. H. Crawford and W. G. Norton, sureties.

From appellants' brief we take the following: "The rights of plaintiff Howard Bridge and Intervenor Redwater Lumber Company to recover against E. S. Norton and the sureties on his bond, Mrs. W. H. Crawford and W. G. Norton, is not questioned in this brief; but it is contended that Mrs. W. H. Crawford and W. G. Norton, appellants, as such sureties, should have recovered against Cookville Independent School District the amount of the 20% retainage which said district failed to hold and retain in its possession, as required by said contract, until proofs had been furnished by E. S. Norton that material and labor bills had been paid."

The contract price for the school building was $4,850. This was also the amount of the contractor's bond.

Appellants' first proposition is:

"The memoranda and remarks made by Edwin R. Smith on the bottom of certificate issued by him as architect for the Cookville Independent School Board was dated Paris, Texas, Sept. 18, 1936, was hearsay statement and remarks of Edwin R. Smith, and, he being at the time the supervising architect of the Cookville Independent School District, are in favor of and self serving for the Cookville Independent School District and inadmissible. The memoranda and remarks are as follows:

" 'Contract price        $4,850.00
    Extra work           270.00
    Total amount issued     2,808.45
    Balance     $1,311.55, 4,270.00
" 'Remarks: Credits $90 and extra work 360.00, balance to add to contract price 270.00, making contract price.' "

 Appellants' propositions 2 and 3 relate to the same matters as proposition 1, and they will be discussed together. These propositions present error. There can be no question but that the statement "Credits $90 and extra work 360.00, balance to add to contract price 270.00, making contract price" at the end of the certificate issued by Smith, architect for the school district, is ex parte and hearsay insofar as these appellants are concerned, and establishes no fact against them. Stringfellow v. Montgomery, 57 Tex. 349; 17 T.J. Sec. 211, p. 520. It is true that appellants, as bondsmen of Norton, waived "any change from the original drawings and specifications of a *minor nature* * * *". Norton, the contractor, testified that the extras added to the building as originally planned amounted to the sum of $1,205.20, almost one-fourth of the contract price. This, in our opinion, would amount to more than a *minor change* in the original plans and specifications as contemplated by the terms of the bond. There is no testimony in this record relating to the cost of these changes except that of Norton and the ex parte statement of Smith, the architect. The bondsmen knew nothing of the added extras. The trial court submitted issues presenting this phase of the cause, and in answer thereto the jury found exactly in line with the ex parte notation of the architect, showing conclusively that this hearsay testimony formed the basis for their answers. These answers, therefore, must be held for naught. Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197, and the numerous authorities there cited. (Italics ours.)

 Propositions 5 and 6 relate to the failure of appellee school district to retain 20% of the agreed construction price of said building as provided in the contract. There is no controversy over the fact that the 20% was not retained. However, it is contended by appellees, and the record sustains them, that the money paid to Norton (which was less than the original contract price) was all applied to the payment of labor performed and material used in the construction of the school building under the original contract. Since the sureties were obligated by the terms of the bond to "pay all persons who have contracted directly with the principal for labor and material," no harm could result to them from the failure of the school district to retain the 20% of the contract price. These propositions are overruled.

For the error pointed out, the judgment is reversed and the cause is remanded.